## Butcher v. Trimarchi

*Ballard, Spahr, Andrews & Ingersoll,* for plaintiffs.

*Edward Friedman, Herbert Shenkin* and *David Stahl,* for defendant.

PER CURIAM, June 13, 1962.—These four cases, relating to reapportionment of the General Assembly, involve the standard for allocating representation in senatorial and representative districts. Senatorial districts are now apportioned under the Act of May 10, 1921, P. L. 449, as amended, 25 PS §2201, and representative districts by the Act of July 29, 1953, P. L. 956, 25 PS §2215.

While the cases of these four plaintiffs contain variations in the parties named as defendants and the relief sought, they all have one aspect in common, viz., that they seek to have us declare unconstitutional the Acts of 1921 and 1953, and to restrain the secretary of the Commonwealth from doing any acts in connection with holding elections pursuant to these statutes. One of these complainants (Start) seeks to enjoin the "payment of salaries or expenses of the Legislature."

Plaintiffs allege that the statutes of 1921 and 1953 are unconstitutional because the senatorial and representative districts presently do not have representation based upon their correct ratio to the population of the State, as required by our State Constitution, art. II, sec. 16, with respect to senatorial districts, and article II, sec. 17, as to representatives districts.[*] All

---

[*] Article II, secs. 16 and 17, read as follows:

"§16. Senatorial districts; ratio"

"The State shall be divided into fifty senatorial districts of compact and contiguous territory as nearly equal in population as may be, and each district shall be entitled to elect one Senator. Each county containing one or more ratios of population shall be entitled to one Senator for each ratio, and to an additional Senator for a surplus of population exceeding three-fifths of a ratio, but no county shall form a separate district unless it shall contain four-

four complaints aver that because of the present failure to allocate representation as required by these provisions in our Constitution, plaintiffs are denied equal protection of the laws, contrary to the fourteenth amendment of the Federal Constitution. Plaintiffs also contend that the disproportionate representation in the representative and senatorial districts is likewise contrary to the above mentioned articles in our State Constitution.

In other words, we are confronted with the claim that the Acts of 1921 and 1953 fail to give proportionate representation in senatorial and representative districts; that these acts are now unconstitutional under our State and Federal Constitutions. The answers

fifths of a ratio, except where the adjoining counties are each entitled to one or more Senators, when such county may be assigned a Senator on less than four-fifths and exceeding one-half of a ratio; and no county shall be divided unless entitled to two or more Senators. No city or county shall be entitled to separate representation exceeding one-sixth of the whole number of Senators. No ward, borough or township shall be divided in the formation of a district. The senatorial ratio shall be ascertained by dividing the whole population of the State by the number fifty."

"§17. Representative districts"

"The members of the House of Representatives shall be apportioned among the several counties, on a ratio obtained by dividing the population of the State as ascertained by the most recent United States census by two hundred. Every county containing less than five ratios shall have one representative for every full ratio, and an additional representative when the surplus exceeds half a ratio; but each county shall have at least one representative. Every county containing five ratios or more shall have one representative for every full ratio. Every city containing a population equal to a ratio shall elect separately its proportion of the representatives allotted to the county in which it is located. Every city entitled to more than four representatives, and every county having over one hundred thousand inhabitants shall be divided into districts of compact and contiguous territory, each district to elect its proportion of representatives according to its population, but no district shall elect more than four representatives."

filed in behalf of the Commonwealth admit the factual averments concerning inappropriate population ratio in these districts and the failure of the General Assembly to reapportion since the enactment of these statutes.

Plaintiffs have all filed motions for judgment on the pleadings. Since in their prayer for relief, plaintiffs request that we declare the apportionment statutes of 1921 and 1953 unconstitutional and restrain the secretary of the Commonwealth from conducting any elections thereunder, the question for our determination at this time is simply whether we should enter judgment as requested.

The attorney general and two of these plaintiffs have suggested that the matter of reapportionment be held in abeyance until the General Assembly is given an opportunity to reapportion at its 1963 session. Two of the plaintiffs, Seidman and Start, however, contend that we should presently enter a judgment that the acts are unconstitutional and that we should make an order requiring the General Assembly to reapportion prior to the general election in November, enjoining by such an order further election procedure by the secretary of the Commonwealth as to those senatorial and representative candidates now nominated.

It is conceded by all parties that the issue as to whether or not the present acts provide for a constitutional apportionment presents a justiciable issue under both the Federal and our State Constitutions. This issue is clearly made justiciable by the decision in the recent case in the Supreme Court of the United States: Baker v. Carr, 369 U. S. 186 (1962).

It should be noted that this last mentioned case affected our earlier decision in Butcher v. Rice, 73 Dauph. 10 (1958), affirmed in our Supreme Court in 397 Pa. 158 (1959), in which it was held that the ques-

tion of senatorial reapportionment presented a political or governmental question that was not within the jurisdiction of this court. The Baker case changed the effect of the rulings in the earlier Federal decisions which had been relied on in the Butcher case. See Colegrove v. Green, 328 U. S. 549 (1946), and cases therein cited.

In the Baker case, plaintiffs claimed that in more than 60 years there had been no reapportionment of legislative representation in the State of Tennessee, the apportionment being set up in that State's Act of 1901; and that the existing representation had ceased to be allocated in accordance with the proportionate requirements of the Tennessee Constitution. Plaintiffs maintained that because of the failure to afford proportionate representation as required by that Constitution, plaintiffs were being denied the equal protection of the laws, contrary to the fourteenth amendment of the Federal Constitution. The majority opinion holds that in the matter of determining whether the apportionment violated the Tennessee Constitution, plaintiffs were entitled to invoke the equal protection clause of the fourteenth amendment, in that the disproportionate representation afforded plaintiffs in Tennessee under the Act of 1901 amounted to a debasement of their votes, contrary to the equal protection clause.

Immediate injunctive relief, as requested in two of the complaints, could only result in stopping the election machinery, thereby denying the electorate the right to vote for those persons who were duly nominated at the last primary election in May. This election machinery had started to function in accordance with the provisions of the Election Code of June 3, 1937, P. L. 1333, 25 PS §2600 et seq., when the candidates filed their nomination petitions. Not only were these nomination petitions filed prior to the Supreme Court's

decision in the Baker case on March 26, 1962, but they were also filed in accordance with the decisional law in this State (Eagen v. Smith, 366 Pa. 501 (1951)), to the effect that contest may be had for public office only where the election machinery has been complied with.

In view of the principle established in the Eagen case that the election machinery must be followed in order to have a valid election contest, it seems to us that it would be improper to invalidate a primary election when that machinery has been lawfully and faithfully complied with. Where the people nominated their candidates in accordance with the requirements of the Election Code, an injunction preventing the electorate from exercising its will would be of very questionable validity, in our judgment. It would negate the will of the electorate by judicial fiat. To effectuate any course of action in the time that is allowed between now and the November election would be fraught with difficulty and undue haste.

While these issues concerning reapportionment are justiciable, there should be no attempt to adjudicate them until the legislature has had an opportunity to reapportion the senatorial and representative districts at the forthcoming session of the General Assembly. It has not been clear until the Baker decision that reapportionment presents a justiciable issue. The legislature is now informed, as it has not been heretofore, that constitutional apportionment is a matter that can be adjudicated if the legislature fails to do so. Since the matter is now before us on plaintiff's motions for judgment on the pleadings, we herewith enter the following

*Order*

And now, June 13, 1962, for the reasons hereinbefore mentioned, and in accordance with this opinion, the motions for judgment on the pleadings are overruled.