Anthony William OLIVIERO, Dennis Underwood, and Katherine White, Petitioners,

v.

Michael B. DIVEN, Pedro A. Cortes, and the Allegheny County Board of Elections, Respondents.

Commonwealth Court of Pennsylvania.

Heard Aug. 3, 2006.

Decided Aug. 10, 2006.

Publication Ordered Oct. 26, 2006.

---

L. Charles Fedel, Pittsburgh, for petitioner.

M.P. O'Day, Pittsburgh, for respondent, Michael B. Diven, Louis Lawrence Boyle, Harrisburg, for respondent, Pedro A. Cortes.

OPINION BY Senior Judge KELLEY.

On August 3, 2006, this Court heard arguments on a Motion for Preliminary Injunction filed by Anthony William Olivierio, Dennis Underwood, and Katherine White (Petitioners) and a Motion to Quash Subpoenas filed by Debora Romaniello and Daniel Romaniello (collectively, Romaniellos). By order dated August 4, 2006, this Court denied the Petitioners' Motion for Preliminary Injunction and granted the Romaniellos' Motion to Quash Subpoenas. This opinion now follows.

The Petitioners are residents, registered Republicans and qualified electors of the 22nd Legislative District, Allegheny County. With this motion, the Petitioners seek to enjoin the Secretary of the Commonwealth and the Allegheny County Board of Elections from certifying Michael Diven (Diven) as a candidate for the Office of Representative in the General Assembly from the 22nd Legislative District in the November 2006 general election.

Prior to this action, the Petitioners filed with this Court a petition to set aside the nomination petition of Diven seeking nomination as the Republican candidate for the Office of Representative in the General Assembly from the 22nd Legislative District in the May 2006 primary election at docket number 176 M.D.2006. Therein, the Petitioners alleged that Diven's nomination petition should be set aside on the basis that signatures contained in his petition were obtained fraudulently. A hearing on the petition to set aside was set for March 29, 2006.

On March 28, 2006, Diven filed a petition to withdraw his nomination petition at docket number 207 M.D.2006. Diven's petition to withdraw was granted. By order of this Court dated March 28, 2006, the Secretary of the Commonwealth was directed not to certify the name of Michael Diven as a Republican candidate in the May 16, 2006 primary election as a candidate for the Office of Representative in General Assembly from the 22nd Legislative District. Consequently, the March 29, 2006 hearing at docket number 176 M.D.

2006 was cancelled and the case was dismissed as moot.

Thereafter, Diven launched a write-in campaign. As stipulated to by the parties, at the primary election held on May 16, 2006, Diven won the Republican nomination for the Office of Representative in the General Assembly from the 22nd Legislative District by receiving 680 write-in votes.

The Petitioners then filed a Petition for Review with this Court followed by the instant Motion for Preliminary Injunction, docketed at 380 M.D.2006. The Petitioners allege that if Diven is certified as the Republican candidate, the Petitioners will suffer irreparable harm because Diven's certification will be contrary to this Court's order of March 28, 2006, Republican voters of the 22nd Legislative District will be disenfranchised, the anti-fraud provisions of the Pennsylvania Election Code[1] will be nullified, and Diven and his staff will be allowed to unjustly benefit from their unlawful acts. The Petitioners allege that there is no adequate remedy at law and that preliminary injunction is reasonably suited to abate Diven's unlawful acts.

Both the Secretary of the Commonwealth and Diven timely responded to the motion. The Secretary and Diven both assert that the Petitioners have failed to establish the requisite elements for injunctive relief. Additionally, Diven contends that the Petitioners lack standing to contest certification of the May 16, 2006 primary election. This Court shall first address the issue of standing.

## STANDING

Diven asserts that the Petitioners do not have standing having failed to establish a substantial interest in the claim sought to be litigated that surpasses the common interest of all citizens in procuring obedience to the law. Diven further asserts that the Petitioners have not established a direct and immediate connection between the interest they seek to protect and the alleged harm.

■ The "purpose of the requirement of standing is to protect against improper plaintiffs." *Application of Biester v. Thornburgh*, 487 Pa. 438, 442–43, 409 A.2d 848, 851 (1979). In order to meet this requirement, a plaintiff must allege and prove an interest in the outcome of the suit which surpasses "the common interest of all citizens in procuring obedience to the law." *Id.* (quoting *William Penn Parking Garage v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975)). To surpass the common interest of all citizens, the interest must be substantial, direct, and immediate. *Id.* Additionally, where a citizen challenges an action that would otherwise go unchallenged in the courts, standing may be found. *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 507 A.2d 323 (1986). This legal precept is often applied where plaintiffs assert standing on the basis that they are taxpayers and, thus, have an interest in public fiscal expenditures. *Id.*

Here, there is no dispute that the Petitioners, as registered Republicans and qualified electors of the 22nd Legislative District, had standing to challenge the nomination petition of Diven. The question is whether they continue to have standing to challenge the Secretary's certification of Diven as the Republican nominee for the office of Representative in the General Assembly from the 22nd Legislative District in the general election. The Petitioners argue that Diven would not be the nominee if their objection to the nomination petition had been heard by this

---

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3591.

Court. The Petitioners argue that because Diven withdrew his nomination petition and the hearing was cancelled, they were never granted their day in court and are uniquely aggrieved in this regard. The Petitioners further assert that the order issued in the case docketed at 207 M.D.2006 prevents the Secretary from certifying Diven as the Republican nominee.

■ By virtue of the Petitioners' involvement in the prior proceeding and the fact that their present claims are directly and uniquely related to the prior proceeding, which were never heard due to Diven's withdrawal, this Court finds that the Petitioners have established an interest in the outcome of this suit which surpasses "the common interest of all citizens in procuring obedience to the law." The Petitioners seek to protect the integrity of the election process and the interests of the Republican Party by ensuring that the nominee of their party is qualified for office.[2] In this case of first impression, this Court finds that the Petitioners have standing to challenge the Secretary's certification of Diven.

## PRELIMINARY INJUNCTION

■ Having determined that the Petitioners have standing to proceed, the Court shall next address whether the Petitioners have established entitlement to preliminary injunction. A preliminary injunction is intended to preserve the status quo and prevent imminent and irreparable harm that might occur before the merits of the case can be heard and determined.

*Soja v. Factoryville Sportsmen's Club*, 361 Pa.Super. 473, 522 A.2d 1129 (1987). It is considered an extraordinary remedy and may only be granted if the plaintiff has established a clear right to the relief sought. *T.W. Phillips Gas and Oil Co. v. Peoples Natural Gas Co.*, 89 Pa.Cmwlth. 377, 492 A.2d 776 (1985). A court may grant a preliminary injunction only where the moving party establishes the following elements: (1) the relief is necessary to prevent irreparable harm to the movant; (2) the injunction would restore the parties to the status quo as it existed before the alleged wrongful act; (3) greater injury would result from a refusal to grant the injunction than from granting the injunction; and (4) the movant's right to relief is clear. *Id.*, 492 A.2d at 780. To establish a clear right to relief, the moving party must be able to show that he has a reasonable likelihood of success on the merits. *Id.* Our Supreme Court has illustrated the "clear right" requirement as follows:

> Where the threat of immediate and irreparable harm to the petitioning party is evident, that the injunction does no more than restore the status quo and the greater injury would result by refusing the requested injunction than granting it, an injunction may properly be granted where substantial legal questions must be resolved to determine the rights of the respective parties.

*Fischer v. Department of Public Welfare*, 497 Pa. 267, 271, 439 A.2d 1172, 1174 (1982).

---

**2.** Additionally, the Court notes that if Petitioners were to ultimately prevail in this matter, a vacancy in the Republican Party nomination would exist. Pursuant to Section 979 of the Election Code, 25 P.S. § 2939, "[a]ny vacancy happening or existing after the date of the primary in any party nomination, by reason of the death or withdrawal of any candidate after nomination, ... may be filled by a substituted nomination made by such committee as is authorized by the rules of the party to make nominations in the event of vacancies on the party ticket." Petitioners, as registered, Republican electors in the 22nd Legislative District, have a direct and immediate interest in ensuring that a true and lawful Republican nominee appears on the general election ballot.

### Clear Right to Relief

The Petitioners assert that Diven's certification will be contrary to this Court's order of March 28, 2006. The order clearly provides:

> The Secretary of the Commonwealth is directed **NOT** to certify the name of **MICHAEL DIVEN** as a republican candidate in the May 16, 2006 primary election as a candidate for the office of Pennsylvania General Assembly from the 22nd Legislative District.

(Emphasis in original). The Secretary fully complied with this directive and did not certify Diven's name as a Republican candidate in the *primary election*. The order relates only to the primary election. Contrary to the Petitioners' assertions, the order does not preclude the Secretary from certifying Diven as the duly-elected Republican nominee in the general election.

■ The Petitioners further assert that this Court should enjoin the Secretary from certifying Diven pursuant to Sections 951(b), 909 and 977 of the Pennsylvania Election Code, 25 P.S. §§ 2911(b), 2869 and 2937. However, these sections do not apply to the instant case. Section 951 pertains to nominations by political bodies.[3] Diven was not nominated by a political body, but won the nomination of the Republican Party in the primary election by garnering the most votes. Likewise, Sections 909 and 977 are inapplicable as both refer to the pre-primary election process prescribed for gaining a place on the primary election ballot through the nomination petition process. Having with-

drawn his nomination petition, Diven chose not to participate in the process that would have enabled him to have his name printed on the primary election ballot as a Republican candidate for office.

The Petitioners further assert that Diven's untimely withdrawal of his nomination petition violated the Election Code. The time period within which one can withdraw his or her name as a candidate from a primary election is set by statute. Section 914 of the Election Code, 25 P.S. § 2874, provides:

> Any of the candidates for nomination or election at any primary may withdraw his name as a candidate by a request in writing, signed by him and acknowledged before an officer empowered to administer oaths, and filed in the office in which his nomination petition was filed. Such withdrawals, to be effective, must be received in the office of the Secretary of the Commonwealth not later than 5 o'clock P.M. on the fifteenth day next succeeding the last day for filing nomination petitions in said office, and in the office of any county board of elections, not later than the ordinary closing hour of said office on the fifteenth day next succeeding the last day for filing nomination petitions in said office. No name so withdrawn shall be printed on the ballot or ballot labels. No candidate may withdraw any withdrawal notice already received and filed, and thereby reinstate his nomination petition.

---

**3.** The Election Code distinguishes between political parties and political bodies. Section 801 of the Election Code, 25 P.S. § 2831; *Packrall v. Quail,* 411 Pa. 555, 192 A.2d 704 (1963). A political group which receives more than a certain number of votes at the preceding general or municipal election is deemed a political party and permitted to select its candidates by the primary election method. *Id.* A prospective candidate places his name on the primary ballot by filing a nomination petition. *Id.* Any other political group is deemed a "political body" and must select its candidates by the more difficult process of filing nomination papers. *Id.*

However, once this statutory time period expires, a candidate for nomination can still withdraw his or her name as a candidate. Section 978.4 of the Election Code, 25 P.S. § 2938.4;[4] *In re Petition of Dietterick,* 136 Pa.Cmwlth. 66, 583 A.2d 1258 (1990). After this statutory time period has lapsed, Section 978.4 of the Election Code provides that a candidate for nomination can petition the court of common pleas, or the Commonwealth Court, when a court of common pleas is without jurisdiction, to withdraw. The court shall order the withdrawal of said candidate's name for nomination or election, except upon a showing of special circumstances. *Id.*

Herein, as the primary ballots had not yet been printed and no special circumstances were shown, this Court granted Diven's petition to withdraw his nomination petition. The Petitioners correctly state that a nomination petition once withdrawn cannot be refiled or reinstated, but that did not occur here. Diven's name remained off the ballot. In full compliance with this Court's order, the Secretary of the Commonwealth did not certify Diven's name as a Republican candidate for the primary election.

The Petitioners further contend that Diven's withdrawal should preclude him from continuing to participate in the election cycle. In support of this contention, the Petitioners rely upon *Lachina v. Berks County Board of Elections,* 887 A.2d 326 (Pa.Cmwlth.), *aff'd,* 584 Pa. 493, 884 A.2d 867 (2005). However, the Petitioners' reliance on *Lachina* is misplaced.

In *Lachina,* the prospective candidate filed Democratic and Republican nomination petitions seeking the primary nomination of both parties for the office of Magis-terial District Judge. Due to defects in both nomination petitions, the nomination petitions were struck and the candidate's name did not appear on the primary ballot as a candidate for either party. *Lachina.* Thereafter, the candidate attempted to refile nomination papers as a candidate of a political body. *Id.* This Court held that since the candidate had not voluntarily withdrawn from the primary process, but instead was stricken from the ballot due to defects in her nomination petitions, she was precluded from subsequently filing nomination papers as the candidate of a political body. *Id.,* 887 A.2d at 329. We opined that Section 976 of the Code, 25 P.S. 2936,[5] requires the Secretary to reject the nomination paper of any candidate who has filed a petition for, or who has actually participated in, that primary election in which he seeks a ballot position. *Id.*

*Lachina* and "sore loser" provisions of the Election Code stand for the proposition that once a candidate's name has been stricken from the primary ballot or the candidate loses his party's nomination in the primary, the candidate is then precluded from filing nomination papers for the general election. *Id.* They are not applicable here as Diven's name was not "stricken" from the ballot and Diven did not "lose" the primary. Rather, Diven withdrew his nomination petition and voluntarily chose not to participate in the primary process. In doing so, Diven's voluntary withdrawal "undid" *ab initio* his nomination petition. Once Diven withdrew his nomination petition, his name did not appear on the ballot as a candidate for the Republican Party in the primary election. Notwithstanding the fact that Diven's

---

4. *Added by* the Act of July 11, 1980, P.L. 591.

5. Section 976 provides that no nomination paper shall be accepted "if the candidate named therein has filed a nomination petition for any public office for the ensuing primary, or has been nominated for any such office by nomination papers previously filed."

name did not appear on the ballot, the Republican electorate for the 22nd Legislative District wrote-in Diven's name on the ballot. Having received the majority of the votes cast, Diven has rightfully earned the Republican Party's nomination for the Office of Representative in the General Assembly from the 22nd Legislative District and is now entitled to have his name appear on the general election ballot as the Republican Party's nominee.

The Petitioners assert that since Diven withdrew his nomination petition, they have been denied their day in court and have no adequate remedy at law to redress the harm and injury that will be caused by Diven's alleged violations of the Election Code. Assuming *arguendo* that the Petitioners' allegations of fraud and other violations of the Election Code are true, the Election Code provides an adequate remedy after a finding of guilt in a proper forum. Section 1851 of the Election Code, 25 P.S. § 3551, provides "Any person who shall, while a candidate for office, be guilty of bribery, fraud or willful violation of any provision of this act, shall be forever disqualified from holding said office or any other office of trust or profit in this Commonwealth."

The Petitioners have begun the process that could lead to Diven's disqualification from office if elected by filing a complaint with the Department of Law of Allegheny County and, according to the parties, an investigation is currently underway.[6] As of this date, Diven has not been charged

with fraud, let alone been found guilty of fraud, and therefore the Petitioners' instant action in equity is premature.

Additionally, the Petitioners' allegations of fraud and violations of the Election Code relate only to Diven's nomination petition. Their objections ended when Diven withdrew his nomination petition and are irrelevant to the certification of a candidate for the general election. The Petitioners do not allege fraud or violations of the Election Code in connection with the primary election. Nor do the Petitioners assert that Diven did not receive the majority of votes in the May 16, 2006 Republican primary. Diven succeeded in winning the nomination because Republican voters of the 22nd Legislative District wrote-in Diven's name on the ballot as permitted by Section 1112–A of the Election Code, 25 P.S. § 3031.12(b)(2).[7] Consequently, Diven is the duly-elected nominee for the Office of Representative in the General Assembly from the 22nd Legislative District.

In *Butcher v. Trimarchi*, 28 Pa. D. & C.2d 537 (1962), the plaintiffs filed a motion for injunctive relief seeking to have statutes pertaining to senatorial and representative districts declared unconstitutional. The Court of Common Pleas of Dauphin County, sitting as the Commonwealth Court, opined that relief sought would result in stopping the election machinery, and would deny the electorate the right to vote for those persons who were duly nominated in the primary election. *Butcher.* The court further posited, "it would be

---

**6.** Diven's chief of staff, Debora Romaniello, was arrested on July 28, 2006 and charged with fraud in connection with Diven's nomination petition.

**7.** *Added by* the Act of July 11, 1980, P.L. 600. This section provides:

> At primary elections, the voter shall vote for the candidates of his choice for nomination, ... or he may so mark the write-in position provided on the ballot for the par-

ticular office, and, in the space provided therefor on the ballot and/or ballot envelope, write the identification of the office in question and the name of any person not already printed on the ballot for that office, and such mark and written insertion shall count as a vote for that person for such office.

25 P.S. § 3031.12(b)(2).

improper to invalidate a primary election when that machinery has been lawfully and faithfully complied with." *Id.*, 28 Pa. D. & C.2d at 542. Where the people nominated their candidates in accordance with the requirements of the Election Code, an injunction preventing the electorate from exercising its will would be of "very questionable validity." *Id.* The Court held that "to negate the will of the electorate by judicial fiat" and effectuating "any course of action in the time that is allowed between now and the November election would be fraught with difficulty and undue haste." *Id.*

Applying the same rationale in *Butcher* to the instant proceeding, it would be improper to invalidate a primary election when that machinery has been lawfully and faithfully complied with. The Petitioners have asserted no viable legal basis to invalidate the choice made by the Republican voters of the 22nd Legislative District. For these reasons, this Court concludes that the Petitioners have failed to establish any clear right to the injunctive relief requested.

### Immediate and Irreparable Harm

■ Additionally, the Petitioners have not shown danger of suffering immediate and irreparable harm if the preliminary injunction is denied. The harm the Petitioners seek to prevent is the disenfranchisement of the electorate and nullification of the Election Code by allowing a candidate who has allegedly engaged in fraudulent activity from obtaining public office. The alleged fraud was in connection with the nomination petition process—a process that Diven withdrew himself from—not the primary election itself, wherein the electorate chose Diven as their candidate by valid write-in votes. As addressed above, the Petitioners' allegations of fraud are currently under investigation. Those charges are proceeding in the appropriate investigatory bodies. The

candidate himself has not been so charged and there are presently no reasons why Diven's name should not appear on the ballot for general election.

### Greater Injury

■ The Petitioners have also not established that greater injury would result from granting the preliminary injunction than would result from denying it. In fact, this Court finds that the harm would be greater if the injunction were granted. The Commonwealth of Pennsylvania has a significant interest in protecting the electoral process, especially when it functions lawfully. *Butcher.* Diven was nominated in the May 16, 2006 primary election by the Republican electorate for the 22nd Legislative District in Allegheny County through valid write-in votes cast for him. Granting the Petitioners' injunctive relief and invalidating the primary results would harm the electoral process, invalidate the will of the electorate and, as a result, greatly harm public interest.

### Status Quo

■ Finally, the Petitioners have not established that a preliminary injunction will restore the status quo. The Petitioners are in effect requesting this Court to return them to a status quo that would undo the lawful results of the May 16, 2006 primary election and invalidate the electorate's choice for the Republican nominee for the office. Such is not an acceptable result.

For the foregoing reasons, the Petitioners' Motion for Injunctive Relief was denied.

### SUBPOENAS

With regard to the Motion to Quash, the Romaniellos assert that they did not receive sufficient notice to appear at the hearing. The hearing in this matter was originally set for August 2, 2006 by order

of Court dated July 13, 2006 and was continued to August 3, 2006 by order dated July 24, 2006. The Petitioners had adequate time to serve timely subpoenas. However, the Petitioners did not personally serve Daniel Romaniello until August 1, 2006 at approximately 8:30 p.m. Debora Romaniello was not personally served; a subpoena was left at her place of employment on Friday, July 28, 2006.[8] Debora Romaniello alleges that she did not become aware of the subpoena until August 1. The Romaniellos, who reside in Pittsburgh, Pennsylvania, assert that one day's notice to appear in Harrisburg, Pennsylvania is "insufficient, unreasonable and oppressive." At the hearing, the Petitioners did not provide adequate justification for the short notice. This Court agrees such short notice was insufficient and unreasonable. Thus, the Motion to Quash was granted.

---

**8.** This was the date of Ms. Romaniello's arrest.