Ochman Appeal.

Argued April 21, 1950. Before Drew, C. J., Stern, Stearne and Jones, JJ.

*Bernard S. Ochman,* in propria persona, and *Domenic Furia,* with them *Herman Steerman,* for objectors, appellants.

*Philip Richman,* with him *Richman & Richman,* for petitioners, appellees.

*William T. Connor,* for County Board of Elections.

OPINION BY MR. JUSTICE JONES, April 27, 1950:

These appeals are from several judgments, each of which amends the respective jurat to the "Qualified Elector" affidavit on the particular nominating petition in issue and directs that the petition, as so amended, be received and filed by the county board of elections of Philadelphia County. As the appeals raise the same question, they will be dealt with in one opinion.

The objections of the respective appellants to the nominating petitions in question are the same, viz., that some of the requisite number of electors' signatures to the petitions were subscribed, as evidenced by their corresponding dates, at times subsequent to the dates of the jurats to the affidavits of the respective circulators of the petitions and that the petitions were, for that reason, defective and should be rejected. Within the time prescribed by Sec. 977 of the Pennsylvania Election Code of 1937, as amended by the Act of May 21, 1943, P. L. 353 (25 PS §2937 Pkt. Part), the appellants severally lodged their objections to the respective petitions with the appropriate court of common pleas which, thereupon, fixed April 5, 1950, as the time for a hearing on the objections, the date thus fixed being within the time limited by Sec. 977 for the purpose. Had no other course been pursued, the court would have had the power under Sec. 977 of the code to enter upon a hearing of the objections and, thereafter, to have made orders to precisely the same effect as the judgments now here on appeal. The appellants freely so concede, as indeed they necessarily must.

However, notwithstanding that the court's competent jurisdiction in the premises had thus attached, the county board of elections on April 3, 1950 (a week after the last day for receiving and filing nominating petitions), assumed to act with respect to the subject matter

by rejecting the nominating petitions and refusing to accept them for filing. And, when the objections came on two ·days later for the appointed hearing before the court, the learned trial judge considered the matter moot in view of the action lately taken by the county board of elections and dismissed the objections. In passing, we think it not inappropriate to observe that the court, whose jurisdiction had been properly invoked, could have competently proceeded to a hearing on the objections, regardless of what the county board of elections had belatedly done, and have disposed of the matters on their merits pursuant to the authority conferred by Sec. 977 of the election code, as amended. But, that was not done and, as the situation then stood, the petitions were rejected by action of the county board of elections.

Thus, it became incumbent upon the candidates named in the rejected petitions to act directly if they wished to protect their rights in the circumstances. That, they did one day later (April 6, 1950) by petitioning the court of common pleas of the county under Sec. 976 of the election code, as amended by the Act of July 28, 1941, P. L. 526, and the Act of June 28, 1947, P. L. 1038 (25 PS §2936 Pkt. Part), for a review of the ultimate action of the county board of elections and for a writ of mandamus to compel the board's acceptance and filing of the petitions. On these applications for review and mandamus, the court duly entered upon a hearing and found as facts that the. affidavits to each of the nominating petitions in question had been taken before the same notary public, that the affidavit in each instance was actually taken after the date of the last signature to the petition had been subscribed and that the obviously incorrect date in the jurat was the result of an honest mistake or misunderstanding on the part of the notary public. The learned trial judge thereupon on April 17, 1950, ordered the jurats to be amended accordingly and directed the county board of elections to accept and file

the nominating petitions as so amended. It is from the respective judgments so entered that the appellants separately took these appeals. Because of the need for an early decision, in view of the imminence of the primary, we advanced the hearing of the appeals to our current Spring Session in Philadelphia.

The sole legal question raised by the appellants is whether the power of a court of common pleas, upon a petition for review of the action of a county board of elections (or the Secretary of the Commonwealth, as the case may be) and for a writ of mandamus under Sec. 976 of the election code as amended, cit. supra, is as broad with respect to the amendment of errors in the affidavits to nominating petitions as is the power of the same court in such regard, when passing upon objections to nominating petitions, under Sec. 977 of the election code, as amended.

The court's power is no less under the one statutory provision than under the other. The two sections are *in pari materia* and are to be construed coextensively. The legislative intent to provide a remedy against alleged erroneous action of a county board of elections (or the Secretary of the Commonwealth) is plain. Where such a board (or the Secretary) *rejects* nominating petitions because of alleged defects therein, the judicial remedy available to those claiming to be aggrieved thereby is under Sec. 976 of the code. On the other hand, when the board (or the Secretary) *accepts and files* nominating petitions over objections thereto, the judicial relief available to those claiming to be aggrieved thereby is under Sec. 977 of the code. The power of the court to amend nominating petitions in amendable respects is the same in the one instance as in the other. And, Sec. 977 expressly authorizes the court's amending, in its discretion after hearing, for material errors or defects appearing on the face of the affidavits accompanying or appended to nominating petitions. Where the court acts

under Sec. 976 with respect to the board's or the Secretary's rejection of nominating petitions for alleged defects, its power is no different. Accordingly, the learned court below acted within its statutory authority. The judgments, being based upon sufficient findings supported by substantial evidence, must therefore be affirmed.

Judgments affirmed.