John K. Baronett (a/k/a J. K. Baronett), Petitioner *v.* C. Delores Tucker, Secretary of the Commonwealth, Respondent. J. Albert Spence, Intervening Respondent.

Argued September 8, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*John K. Baronett,* petitioner, for himself.

*Jeffrey G. Cokin,* Deputy Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

*Retos and Symors,* for intervening respondent.

Opinion by Judge Blatt, October 14, 1976:

John K. Baronett (Baronett) brought a Petition for Review of the refusal by the Secretary of the Commonwealth (Secretary) to accept his nomination papers for a position on the November, 1976, general election ballot. Now before this Court are the Secretary's preliminary objections in the nature of a demurrer.

Baronett was an unsuccessful candidate in the April 27, 1976, Democratic Primary for Representative in the General Assembly from the 47th Legislative District. On June 14, 1976, subsequent to his primary defeat, he submitted nomination papers so that his name would be placed on the general election ballot as the nominee of the Federalist Body, an independent political group, for the same office. The Secretary refused to accept Baronett's papers pursuant to Section 976 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2936, which provides in part:

"No nomination petition, nomination paper or nomination certificate shall be permitted . . . (e) in the case of nomination papers, if the candidate named

therein has filed a nomination petition for any public office for *the ensuing primary*, or has been nominated for any such office by nomination papers previously filed . . . ." (Emphasis added.)

Baronett argues that this section does not bar the filing of nomination papers by a candidate defeated in the *preceding* primary and that, therefore, his papers should have been accepted. We do not agree.

The term "ensuing primary," as used in the Code,[1] must be interpreted in conjunction with Section 953, 25 P.S. §2913, which sets out the rules with respect to the place and time of filing nomination papers. It is true, of course, that the time requirement of Section 953(c), specifically establishing the seventh Wednesday *prior to* the primary as the last day on which nomination papers may be filed, has been struck down as an unconstitutional infringement on the rights of independent candidates. *Salera v. Tucker*, 399 F. Supp. 1258 (E.D. Pa. 1975), *aff'd mem.*, —— U.S. ——, 96 S.Ct. 1451 (1976). It is also true that, as a result of the *Salera, supra,* holding, which permits the nomination papers of independent candidates to be filed anytime before August 21, Baronett's nomination papers were timely. Clearly, however, the term "ensuing primary" was originally intended to refer to that primary following the filing of both nomination petitions and papers and at which the candidates of political parties were to be selected to run against the political body candidates who would submit nomination papers. *Salera, supra,* would have rendered Section 976, 25 P.S. §2936, meaningless if

---

[1] This phrase also appears in Section 951(e)(5), 25 P.S. §2911 (e)(5), which requires each candidate to submit an affidavit "that his name has not been presented as a candidate by nomination petitions for any public office to be voted for at the ensuing primary election."

we were to hold that the phrase "ensuing primary" refers to the primary following the general election, as Baronett has suggested.

It is clear to us that the purposes of the sections of the Code in which the term here concerned appears are to require a candidate to choose between the primary route and the nomination route to the general election ballot and to prevent a losing primary candidate from filing nomination papers. *Williams v. Tucker,* 382 F. Supp. 381 (M.D. Pa. 1974). It is equally clear that a court, guided by the presumption that the legislature does not intend a result that is unreasonable, should give all laws a sensible construction, should ascertain and give effect to the intention of the legislature and, when necessary, may interpolate additional words. *Commonwealth v. Peoples,* 345 Pa. 576, 28 A.2d 792 (1942).

We believe, therefore, that Section 976 of the Code, 25 P.S. §2936, requires the Secretary to reject the nomination papers of any candidate who has filed a petition for, or who has actually participated in, that primary immediately preceding the general election in which he seeks a ballot position.

Assuming that every material fact set forth in Baronett's Petition for Review is true, he has failed to state a cause of action. His nomination papers were properly rejected, and the Secretary's preliminary objections, therefore, must be sustained, and Baronett's Petition for Review must be dismissed.

## Order

And Now, this 14th day of October, 1976, the preliminary objections of the Secretary of the Commonwealth are hereby sustained, and the Petition for Review is dismissed.