**In the Matter of the Nomination Paper of Nicole Primas GAINES Candidate for Representative in the General Assembly from the 24th Legislative District.**

**Joseph Preston, Petitioner.**

Commonwealth Court of Pennsylvania.

Heard Aug. 20, 1998.

Decided Aug. 26, 1998.

Publication Ordered Nov. 13, 1998.

John J. Connelly, Jr., Harrisburg, for petitioner.

Robert J. DeSousa, and Anthony J. Foschi, Harrisburg, for respondent.

Before MORGAN, Senior Judge.

MORGAN, Senior Judge.

Before the Court are the objections to the nomination papers filed by Nicole Primas Gaines as candidate for Representative in the General Assembly from the 24th Legislative District. Gaines had previously filed nomi-

nation petitions for the May, 1998 primary election as a candidate of the Democratic Party for the same office. Those petitions were challenged and, by order of Judge Doyle of this Court dated March 31, 1998, were set aside for failure to contain sufficient number of valid signatures. Gaines subsequently filed the nomination papers presently before us, seeking to appear on the ballot for the 1998 General Election as a candidate of the "Gaines for Change" political body.

The parties have stipulated to the relevant facts, and further agreed that this case involves the interpretation of a single question of law: whether a person whose nomination petitions for a primary election have been judicially set aside is precluded from filing nomination papers as a candidate of a political body for the ensuing general election?

Both parties agree that this matter is controlled by our interpretation of Section 951 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2911, which relevantly provides:

(e) There shall be appended to each nomination paper offered for filing an affidavit of each candidate nominated therein, stating –

. . .

(5) that his name has not been presented as a candidate by nomination petitions for any public office to be voted for at the ensuing primary election, nor has he been nominated by any other nomination papers filed for any such office;

Because Gaines was not in fact nominated in the primary, this case will be resolved depending on whether or not Gaines' name "has been presented" as a candidate in the Primary Election. In *Baronett v. Tucker,* 26 Pa.Cmwlth. 559, 365 A.2d 179 (1976), a candidate filed nomination petitions as a Democratic candidate in the primary election, but was defeated. Subsequently, he attempted

to file nomination papers as candidate of a political body. The Secretary of the Commonwealth, however, refused to accept those papers pursuant to Section 976 of the Election Code, 25 P.S. § 2936.[1] Judge Blatt, writing for a unanimous *en banc* panel, concluded that

[T]he purposes of the sections of the Code in which the term here concerned appears are to require a candidate to choose between the primary route and the nomination route to the general election ballot and to prevent a losing primary candidate from filing nomination papers.

*Baronett,* 365 A.2d at 181 (citing *Williams v. Tucker,* 382 F.Supp. 381 (M.D.Pa.1974)).

Judge Blatt further concluded that Section 976 of the Election Code "requires the Secretary to reject the nomination papers of any candidate who has filed a petition for, or who has actually participated in, that primary immediately preceding the general election in which he seeks a ballot position." *Id.*

Our Supreme Court, however, had also considered the same question in *Packrall v. Quail,* 411 Pa. 555, 192 A.2d 704 (1963). Packrall had filed nomination petitions as a candidate of the Democratic Party in the primary election, but withdrew both petitions within the permitted period. Packrall subsequently filed nomination papers as candidate of the "Good Government Party." The county board refused to accept the papers and Packrall filed a mandamus action, which the trial court dismissed. The Supreme Court reversed, concluding that

[t]he real purpose of this part of the so-called "party raiding" provisions is to prevent the election ballot from being cluttered by candidates who are seeking to multiply the number of times their name appears on the ballot under various inviting labels. The legislative remedy was to limit each person to being a candidate of one political group, a choice which could be

---

1. Section 976 authorizes the Secretary of the Commonwealth (or county board of elections, as the case may be) to reject nomination papers "if the candidate named therein has *filed* a nomination petition for any public office for the ensuing primary, or has been nominated for any such office by nomination papers previously filed ..."

25 P.S. § 2936. Thus, Section 976 refers to "filing" of nomination petitions, while Section 911 refers to the name having been "presented." Because this matter involves objections to the affidavit, rather than rejection by the Secretary, Section 911 rather than Section 976 controls.

made any time before the close of the nomination period. Section 976, therefore, requires only that the person seeking nomination not be the candidate of another political group *at the time the nomination paper is filed.*

*Id.* at 557, 192 A.2d at 706 (citations and footnotes omitted, emphasis in original).

Because Packrall had withdrawn his nomination petition and hence was *not* a candidate in the Democratic primary, the Supreme Court held that he was not precluded from filing nomination papers.

Thus, under *Packrall,* a candidate who files but withdraws may run as an independent, while under *Baronett,* a candidate whose name actually appears on the primary ballot is prohibited from later filing papers as candidate of a political body. Here, Gaines argues that since her name did not appear on the ballot, *Packrall* controls. Objector argues that the policy underlying the *Packrall* decision, the prevention of "party-raiding," has now been mooted by history, and that this Court should look instead to the plain language of the statute. We decline, however, to ignore *Packrall,* and agree that it is controlling here.

In *Oberdorf v. Rumberger,* 70 D. & C.2d 192 (Pa.Com.Pl.1975), the Court of Common Pleas of Northumberland County was presented with a situation analogous to the present case. Oberdorf had filed petitions as a Democratic candidate for sheriff in the primary election. Objections to that petition were filed, and the petition was judicially set aside as containing less that the required number of signatures. Subsequently, Oberdorf filed nomination papers as candidate of the "Independent Voters Party" for the office of sheriff. The County board refused to accept the papers, and Oberdorf filed a mandamus action. President Judge Kivko, relying on *Packrall,* granted the petition, holding that it is the status of the nomination petition at the time the nomination papers are filed that determines whether the statutory restrictions apply. Because Oberdorf was not a "candidate," i.e., no longer remained on the

ballot, Judge Kivko concluded that he was not prevented from filing nomination papers. Although the decision of a common pleas court is not binding on us, we must agree with the result reached by Judge Kivko.[2]

We note that all of the above cases were decided under Section 976 of the Election Code, 25 P.S. § 2936, and not under Section 951, 25 P.S. § 2951. As noted earlier, the statutes differ to the extent that Section 976 speaks of "filing" of petitions, while Section 951 refers to names "presented" as a candidate. Nonetheless, we must conclude that the analysis employed by the Courts in construing Section 976 is equally applicable to Section 951.

Finally, although not expressly argued by the parties, the Court raises *sua sponte* the effect of recent amendments to the Election Code on this case. The Act of February 13, 1998, P.L. ___ (Act 18) amended various sections of the Election Code, including Section 977, 25 P.S. § 2937, which sets forth the grounds upon which the Court may set aside nomination petitions or papers after objection thereto. Prior to Act 18, Section 977 stated in relevant part

If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, *or if any accompanying or appended affidavit contains a material defect or error,* it shall be set aside. *For the purposes of this section, a nomination paper shall include all affidavits required to be filed with such nomination petition or paper under this act.*

The Act 18 amendments deleted those sections relating to affidavits, as underlined above. Thus, the court has grave doubts whether, under the amended version of Section 977, we have authority to consider objections to affidavits at all. Because we have concluded that the objections must be overruled, however, we need not specifically de-

---

**2.** We also note that *Oberdorf* has been cited approvingly by this Court in *In re Nomination Papers of Smith,* 60 Pa.Cmwlth. 150, 431 A.2d 1096

(1981)(single judge opinion by Crumlish, P.J. *rev'd per curiam on other grounds,* 494 Pa. 140, 430 A.2d 1156 (1981)).

cide this question. Accordingly, we shall overrule the objections and enter the following ORDER.

### ORDER

AND NOW, this 26th day of August, 1998, the objections to the nomination papers of Nicole Primas Gaines are OVERRULED and the Secretary of the Commonwealth is directed to certify Nicole Primas Gaines as Candidate for Representative in the General Assembly from the 24th Legislative District for the November, 1998 General Election.

Each party to bear his own costs.