**Deborah LACHINA, Appellant**

v.

**BERKS COUNTY BOARD OF ELECTIONS.**

Commonwealth Court of Pennsylvania.

Heard Sept. 14, 2005.

Decided Sept. 15, 2005.

Ordered Published Nov. 22, 2005.

Edwin L. Stock and James M. Smith, Reading, for appellant.

Brian A. Gordon, Philadelphia, for appellee, L. Walker.

OPINION BY Judge PELLEGRINI.

Deborah Lachina (Lachina) appeals from an order of the Court of Common Pleas of Berks County (trial court) denying her Petition to Set aside the Nomination Papers of Lyndoll V. Walker (Walker) as an Independent for the office of Magisterial District Judge in District 23–3–09 for the general election to be held on November 8, 2005.

In March 2005, Walker filed Democratic and Republican nomination petitions seeking the primary nomination of both parties for the office of Magisterial District Judge for District 23–3–09. Lachina, a registered elector residing within that district and the incumbent office holder, filed challenges to both nomination petitions requesting that the trial court strike Walker's name from the primary ballot on both parties because she was not qualified or eligible to run. After a hearing, the trial court sustained the objections and struck Walker's nomination petitions by order dated March 21, 2005. The trial court overruled Lachina's objection challenging certain petition signatures, but sustained her objection to the nomination petition on the basis that Walker was an elected public office holder in the Democratic Party at the time she filed her nomination petition. The trial court ordered that her name be stricken from the primary ballot for the Democratic nomination of Magisterial District Judge for District 23–3–09 for the primary election to be held on May 17, 2005.

Having been struck from the ballot as both a Republican and Democrat candidate, Walker then filed nomination papers on August 1, 2005, as an Independent candidate for the same office. Lachina filed a petition challenging Walker's nomination papers as being in violation of Sections 951(e) and 976(e) of the Election Code,[1] 25 P.S. §§ 2911 and 2936, respectively. The trial court held a hearing, and on August 10, 2005, it entered an order denying Lachina's petition and overruling her objections, thereby allowing Walker's name to remain on the ballot for the nomination of Magisterial District Judge in the general

---

1. Act of June 3, 1937, P.L. 1333, *as amended.*

election to be held on November 8, 2005. This appeal followed.

Lachina contends that the trial court erred in denying her petition and allowing Walker's name to remain on the ballot for the general election because Walker's petition had been filed after her nomination petitions for the same public office were stricken from the primary ballot. In support of her contention, Lachina relies on Section 976(e) of the Election Code which provides: . .

> No nomination petition, nomination paper or nomination certificate shall be permitted to be filed if—... (e) in the case of nomination papers, *if the candidate named therein has filed a nomination petition for any public office for the ensuing primary, or has been nominated for any such office by nomination papers previously filed* ... (Emphasis added.)

25 P.S. § 2936. However, in reversing its decision and determining that Walker's name could remain on the ballot, the trial court, though it thought that the language of this provision was clear and Walker's name should be stricken, relied on a single judge opinion of this Court in *Matter of Gaines*, 720 A.2d 159 (Pa.Cmwlth.), *affirmed*, 553 Pa. 139, 718 A.2d 296 (1998), which instead relied on Section 951 of the Election Code, 25 P.S. § 2911.[2]

In *Gaines*, the candidate had previously filed a nomination petition in the primary election as a candidate for the Democratic Party. Challenges were made based on insufficient signatures and the petition was set aside. The candidate again filed nomination papers, this time seeking to appear on the ballot in the General Election as a candidate for the "Gaines for Change" political party. When a chal-

lenge was made to the petition because the candidate had previously been precluded from filing nomination papers in the primary election, the Court held that because his name never appeared on the ballot and was not considered by the voters at the primary elections, the candidate should not be prevented from subsequently filing nomination papers as an independent or a representative of a minor party. The Court relied upon Section 951(e) of the Election Code, 25 P.S. § 2911, which provides:

> There shall be appended to each nomination paper offered for filing an *affidavit* of each candidate nominated therein, stating—
>
> (5) that his name has not been *presented* as a candidate by nomination petitions for any public office to be voted for at the ensuing primary election, nor has he been nominated by any other nomination papers filed for any such office. (Emphasis added.)

Because *Gaines* was a Section 951 case involving what "presented" as a candidate meant, any discussion regarding Section 976 was merely dicta. The cases it relied on, however, *Packrall v. Quail*, 411 Pa. 555, 192 A.2d 704 (1963), and *Baronett v. Tucker*, 26 Pa.Cmwlth. 559, 365 A.2d 179 (1976), both decided under Section 976, are relevant here.

In *Packrall*, our Supreme Court addressed whether a person who filed nomination petitions to have his name placed on the primary ballot of the Democratic Party but timely withdrew them, was allowed then to file nomination papers as a candidate for the "Good Government Party" in the general election. Because Packrall, the candidate, withdrew the nominations

---

**2.** Section 414 of this Court's Internal Operating Procedures provides that "[a] single-judge opinion, even if reported, shall be cited only for its persuasive value, not as a binding precedent."

within the time period for withdrawal, our Supreme Court concluded that at the time he filed the nomination petition, Packrall was not a candidate for the Democratic primary which meant that he did not technically file nomination petitions and prevented the acceptance of his nomination paper as a candidate of the "Good Government Party."[3]

In *Baronett*, the candidate lost in the Democratic primary for Representative in the General Assembly. He then submitted nomination papers placing his name on the ballot for the general election as the nominee of the Federalist body for the same office. Based on Section 976 of the Election Code, we held that he was barred from filing nomination papers because he had actually participated in a primary election preceding the general election in which he sought a ballot position. We went on to state:

> [W]e believe, therefore, that Section 976 of the Code, 25 P.S. 2936, requires the Secretary to reject the nomination paper of any candidate who has filed a petition for, or who has actually participated in, that primary election in which he seeks a ballot position.

*Baronett*, 365 A.2d at 181.

On the surface, our holding in *Baronett* is somewhat at odds with *Packrall* because

in *Packrall*, the candidate was allowed to file nomination papers for the general elections even though he had filed nominating petitions in the primary which he had withdrew. We believe the basis for the holding in *Packrall* is that a candidate has the time to voluntarily withdraw his or her petition—a grace period in which the person can decide if he or she wants to participate in that election cycle as a candidate of a particular party. When a person withdraws of his or her own volition within the time for filing, it "undoes," *ab initio*, the filing because a person gets to choose whether he or she wants to go through the primary process to seek an office. In this case, though, Walker did not choose to withdraw and not participate in the primary process, but instead was thrown off the ballot because of defects in her petition.

Consequently, because this matter involves a nomination petition under Section 976(e) where the candidate was already struck from the primary ballot, we conclude that the trial court erred in determining that Walker was not precluded from filing nomination papers for the general election in November 2005. *Baronett*.

Accordingly, the decision of the trial court is reversed, and Lyndoll V. Walker's name is precluded from appearing on the

---

**3.** Our Supreme Court noted that the trial court attributed the wrong purpose to Section 976 stating:

> The real purpose of this part of the so-called "party raiding" provisions is to prevent the election ballot from being cluttered by candidates who are seeking to multiply the number of times their name appears on the ballot under various inviting labels. (Citation omitted.) The legislative remedy was to limit each person to being a candidate of one political group, a choice which could be made any time before the close of the nomination period. Section 976, therefore, requires only that the person seeking nomination not be the candidate of another

political group at the time *the nomination paper is filed.* (Emphasis added.)

*Id.* at 557, 192 A.2d at 706. Although Walker argues that *Packrall* stands for the proposition that Section 976 prevents those individuals who are already candidates of another political group from also running as an independent candidate, Section 976 does not discriminate between parties. It only states that a nomination petition will not be permitted for the general election when the candidate has previously filed a nomination petition for public office in the primary; it does not limit which party a candidate had to previously be representing.

ballot of the general election on November 8, 2005.

## ORDER

AND NOW, this 15th day of September, 2005, the order of the Court of Common Pleas of Berks County, dated August 10, 2005, is reversed, and Lyndoll V. Walker's name is precluded from appearing on the ballot of the general election on November 8, 2005.