In Re: Petition to Set Aside Nomination Petitions of Edward A. BENKOSKI, Sr. and Jeffrey P. Stewart–Independent Candidates–4 Year Term, Board of Supervisors.

Gary M. Zingaretti, Joseph J. Masi and Ruth Ann Koval, Petitioners

Appeal of: Edward A. Benkoski, Sr. and Jeffrey P. Stewart.

In Re: Petition to Set Aside Nomination Petitions of Edward A. Benkoski, Sr. and Jeffrey P. Stewart–Independent Candidates–6 Year Term, Board of Supervisors.

Gary M. Zingaretti, Joseph J. Masi and Ruth Ann Koval, Petitioners

Appeal of: Edward A. Benkoski, Sr. and Jeffrey P. Stewart.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 2007.

Decided Sept. 14, 2007.

Publication Ordered Sept. 17, 2007.

Joseph A. Lach, Kingston, for appellants.

Norman J. Kennard, Harrisburg, for appellees.

BEFORE: COLINS, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Edward Benkoski, Sr. and Jeffrey P. Stewart appeal from an order of the Court of Common Pleas of Luzerne County (trial court) which granted the petitions to set aside the nomination papers of Benkoski and Stewart as independent candidates for the office of supervisor for Bear Creek Township for the November 6, 2007 general election. We reverse.

On March 5, 2007 and March 6, 2007, respectively, Benkoski and Stewart filed with the Luzerne County Board of Elections democratic nomination petitions in

the May 2007 primary election for the office of supervisor for Bear Creek Township. Benkoski and Stewart each filed two nomination petitions—one petition for a four-year term and one petition for a six-year term. Thereafter, petitions to set aside the nomination petitions of Benkoski and Stewart were filed with the trial court on the basis that both Benkoski and Stewart violated the Public Official and Employee Ethics Act[1] by failing to file their Statement of Financial Interests with Bear Creek Township within the timeframe required by law. After oral arguments, reviewing briefs and taking testimony, the trial court by order dated March 21, 2007, granted the petitions to set aside the nomination petitions.

Benkoski and Stewart then filed nomination papers with the Luzerne County Board of Elections as independent candidates for both a four-year and six-year term for the office of supervisor for Bear Creek Township for the November 6, 2007 general election.[2] On August 8, 2007, Gary M. Zingaretti, Joseph J. Masi, and Ruth Ann Koval, filed a petition to set aside Benkoski's and Stewart's nomination papers on the basis that Benkoski and Stewart were precluded by Section 976(e) of the Election Code[3] and this Court's

decision in *Lachina v. Berks County Board of Elections*, 887 A.2d 326 (Pa. Cmwlth.), *aff'd*, 584 Pa. 493, 884 A.2d 867 (2005), from filing nomination papers for the general election.

The trial court granted the petition to set aside Benkoski's and Stewart's nomination papers by order of August 15, 2007. These consolidated appeals followed.

The sole issue raised in these appeals is whether a person whose nomination petition for a primary election has been judicially set aside is precluded from filing nomination papers as a candidate of a political body for the ensuing general election.

In its opinion in support of its order, the trial court relied on this Court's decision in *Lachina*,[4] wherein the Court, after reviewing prior precedent, concluded that, pursuant to Section 976 of the Election Code, a candidate who has not voluntarily withdrawn from the primary process but instead was stricken from the ballot due to defects in her nomination petitions, was precluded from subsequently filing nomination papers as the candidate of a political body. *Lachina*, 887 A.2d at 329. The *Lachina* Court reviewed three cases in reaching its decision.

---

1. 65 Pa.C.S. §§ 1101–1113.

2. As noted by our Supreme Court, the Election Code distinguishes between political parties and political bodies. *See Packrall v. Quail*, 411 Pa. 555, 556 n. 2, 192 A.2d 704, 705 n. 2 (1963) (citing Section 801 of the Election Code, 25 P.S. § 2831). "A political group which received more than a certain number of votes at the preceding general or municipal election is deemed a political party and permitted to select its candidates by the primary election method." *Id.* "Any other political group is deemed a political body and must select its candidates by the more difficult process of filing nomination papers." *Id.*
   Accordingly, Benkoski and Stewart first attempted to become their party's candidate for the office of supervisor by filing nomination

petitions seeking the democratic party nomination in the May 2007 primary election. When the trial court granted the petitions to set aside the nomination petitions, Benkoski and Stewart filed nomination papers seeking to be placed on the ballot as independent candidates for the office of supervisor in the upcoming November 6, 2007 general election.

3. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2936(e).

4. We note that pursuant to Section 414 of this Court's Internal Operating Procedures, "[a] single judge opinion, even if reported, shall be cited only for its persuasive value, not as a binding precedent."

First, the *Lachina* Court reviewed this Court's single judge decision in *Matter of Gaines*, 720 A.2d 159 (Pa.Cmwlth.), *aff'd*, 553 Pa. 139, 718 A.2d 296 (1998), which held based on Section 951 of the Election Code, 25 P.S. § 2911,[5] that a candidate, whose nomination petition was set aside due to insufficient signatures, was not precluded from filing nomination papers to appear on the ballot in the general election as a candidate for an independent party because the candidate's name never appeared on the ballot and was not considered by the voters at the primary elections. The *Lachina* Court determined that because the decision in *Gaines* was a Section 951 case and involved what "presented" as a candidate meant, it was inapplicable.

Second, the *Lachina* Court reviewed our Supreme Court's decision in *Packrall*. In *Packrall*, which was decided under Section 976 of the Election Code, the Supreme Court held that a candidate was permitted to file nomination papers as a candidate of an independent party because the candidate has previously voluntarily withdrawn his nomination petition to have his name placed on the primary ballot of the democratic party within the time period for withdrawal. In other words, the voluntary withdrawal "undid" ab initio the candidate's nomination petition.

Finally, the *Lachina* Court reviewed this Court's decision in *Baronett v. Tucker*, 26 Pa.Cmwlth. 559, 365 A.2d 179 (1976), wherein we held that the candidate was barred from filing nomination papers to appear on the ballot for the general election because he had actually participated, and lost, in the primary election preceding the general election in which he sought a ballot position. In *Baronett*, the Court stated that Section 976 of the Election Code "requires the Secretary to reject the nomination paper of any candidate who has *filed a petition for*, or who has actually participated in, that primary election in which he seeks a ballot position." *Baronett*, 365 A.2d at 181 (emphasis added).

*Lachina* and the foregoing cases discussed therein, however, do not specifically address the meaning of the term "filed" as set forth in Section 976(e) of the Election Code. We believe that, due to the plain language of Section 976(e), it must be determined whether Benkoski and Stewart had "filed" a nomination petition for the office of supervisor in the May 2007 primary. In ascertaining this meaning, we look to Sections 976(e) and 977 of the Election Code, 25 P.S. § 2937.[6]

Section 976(e) of the Election Code provides that no nomination paper shall be permitted to be filed "if the candidate named therein has filed a nomination petition for any public office for the ensuing primary, or has been nominated for any such office by nomination papers previously filed." 25 P.S. § 2936(e). Pursuant to Section 977 of the Election Code, "all nom-

---

**5.** Section 951 governs nominations by political bodies. Section 951(e) provides, in pertinent part, as follows:

(e) There shall be appended to each nomination paper offered for filing an affidavit of each candidate nominated therein, stating—

(5) that his name has not been presented as a candidate by nomination petition for any public office to be voted for at the ensuing primary election, nor has he been nominated by any other nomination papers filed for any such office.

**6.** It is well settled that Sections 976 and 977 of the Election Code are in pari materia and are to be construed coextensively. *Ochman Appeal*, 364 Pa. 525, 73 A.2d 34 (1950); *see also In re Nader*, 865 A.2d 8 (Pa.Cmwlth.), *aff'd*, 580 Pa. 134, 860 A.2d 1 (2004), *cert. denied*, 543 U.S. 1052, 125 S.Ct. 884, 160 L.Ed.2d 773 (2005).

ination petitions and papers received and filed within the periods limited by this act shall be deemed valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside." Accordingly, if a nomination petition or paper is challenged and said challenge is sustained, the nomination petition or paper is no longer considered valid and the nomination paper or petition must be set aside. It therefore follows that the setting aside of the nomination petition or paper, "undoes" ab initio the initial filing of a candidate's petition or paper. Thus, as in the voluntary timely withdrawal of a nomination petition, when a nomination petition is judicially set aside due to timely objections thereto, there technically was no filing of the nomination petition as the petition has been deemed invalid. Therefore, a candidate whose nomination petition has been judicially set aside is not prohibited under Section 976(e) from a subsequent filing of nomination papers in order to be placed on the ballot for the upcoming general election.

In the instant matter, the trial court, by order of March 21, 2007, ordered that the nomination petitions of Benkoski and Stewart be set aside. As a result, there technically was not a filing of the nomination petitions as they were rendered invalid by the trial court when it granted the petitions to set aside. Thus, Benkoski and Stewart are not precluded under Section 976(e) of the Election Code from filing nomination papers to be placed on the ballot for the office of supervisor for Bear Creek Township in the November 6, 2007 general election.

Accordingly, the trial court's August 15, 2007 order is reversed and we will direct the Luzerne County Board of Elections to include the names of Benkoski and Stewart on the ballot for the November 6, 2007 general election as candidates for the office of supervisor in accordance with their nomination papers.

## *O R D E R*

AND NOW, this 14th day of September, 2007, the order of the Luzerne County Court of Common Pleas, dated August 15, 2007, at No(s) 9069 and 9070 of 2007 is reversed. The Luzerne County Board of Elections is directed to place the names of Edward A. Benkoski, Sr. and Jeffrey P. Stewart on the November 6, 2007 general election ballot for the office of supervisor for Bear Creek Township in accordance with their respective nomination papers.