943 A.2d 212

**In re Petition to Set Aside Nomination Petitions of Edward A. BENKOSKI, Sr. and Jeffrey P. Stewart–Independent Candidates–4 Year Term, Board of Supervisors**

**Petition of Gary M. Zingaretti, Joseph J. Masi and Ruth Ann Koval.**

**In re Petition to Set Aside Nomination Petitions of Edward A. Benkoski, Sr. and Jeffrey P. Stewart–Independent Candidates–6 Year Term, Board of Supervisors**

**Petition of Gary M. Zingaretti, Joseph J. Masi and Ruth Ann Koval.**

Supreme Court of Pennsylvania.

Submitted Oct. 22, 2007.

Decided Dec. 27, 2007.

Norman James Kennard, Esq., Kennard Law Offices, L.L.C., Harrisburg, for G. Zingaretti, J. Masi & R. Koval, Petitioner.

Cynthia Rotz Vullo, Esq., Koff, Mangan, Vullo, Gartley & Lach, P.C., Kingston, for E. Benkoski & J. Stewart, Respondent.

Joseph Andrew Lach, Esq., Koff, Mangan, Vullo, Gartley & Lach, P.C., Kingston, for E. Benkoski & J. Stewart, Respondent.

Neil T. O'Donnell, Esq., Wilkes–Barre, for Luzerne County Election Bureau, Participant.

Leonard Piazza, Luzerne Co. Election Bureau, Wilkes–Barre, for Luzerne County Election Bureau, Participant.

CAPPY, C.J., and CASTILLE, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## *OPINION*

PER CURIAM.

On October 10, 2007, this Court reversed the order of the Commonwealth Court and directed that the names of Edward Benkoski, Sr., and Jeffrey P. Stewart (collectively, the "Candidates") be removed from the November 6, 2007 general election ballot for the office of Supervisor of Bear Creek Township. Because of the exigency associated with the ensuing election, the Court considered the matter on an expedited basis, issued a *per curiam* order, and indicated that an opinion was to follow. This opinion provides the rationale for the Court's previous order in this matter and clarifies the application of Section 976(e) of the Election Code, 25 P.S. § 2936(e), to nomination papers where a candidate's nomination petition to appear on the ballot for the primary election had been judicially set aside.

Candidates each filed Democratic nomination petitions to appear on the May 2007 primary election ballot for the office of Supervisor of Bear Creek Township; they both sought to appear on the ballot for the four-year term and the six-year term of that position. Those petitions, however, were set aside as non-compliant with the Ethics Act, because Candidates had not timely filed their statements of financial interests with Bear Creek Township within the statutorily specified time. *See* 65 Pa.C.S. § 1104(b)(2). Candidates thereafter filed nomination papers to appear as Independent candidates on the ballot for the November 2007 general election for both

the four-year and six-year terms of office of the Bear Creek Township Supervisor.[1] Gary M. Zingaretti, Joseph J. Masi, and Ruth Ann Koval (hereinafter "Objectors") filed petitions to set aside Candidates' nomination papers, arguing that the involuntary removal of Candidates' names from the primary election ballot for the office of Township Supervisor foreclosed their ability to file nomination papers for that same position for the general election. Objectors relied upon Section 976(e) of the Election Code, which provides, in relevant part, that:

> No nomination petition, nomination paper or nomination certificate shall be permitted to be filed if—... (e) in the case of nomination papers, if the candidate named therein has filed a nomination petition for any public office for the ensuing primary, or has been nominated for any such office by nomination papers previously filed[.]

25 P.S. § 2936(e).

Agreeing with Objectors' arguments, the common pleas court held that, because Candidates were stricken from the primary election ballot based upon their non-compliance with the Ethics Act, Section 976(e) of the Election Code barred them from filing nomination papers to appear as Independent candidates for the same positions on the general election ballot. The court explained that *Lachina v. Berks County Board of Elections*, 887 A.2d 326 (Pa.Cmwlth.) (Pellegrini, J.), *aff'd*, 584 Pa. 493, 884 A.2d 867 (2005) (*per curiam*), was dispositive of this case, as the Commonwealth Court had ruled that, where a candidate was removed from the ballot because of a successful challenge to her nomination petition, she could not thereafter file a nomination paper to appear as an Independent candidate on the ballot. The trial court further cited to the distinction drawn in *Lachina* between a candidate who voluntarily withdrew a nomination petition within the time allowed for filing and one whose name was involuntarily

---

1. A nomination petition is filed for a candidate to place his or her name on the primary ballot for a political group that has historically received more than a certain number of votes. Nomination papers are filed for candidates from political bodies that have not met the vote threshold to conduct primary elections. *See Packrall v. Quail*, 411 Pa. 555, 192 A.2d 704, 705 n. 2 (1963).

removed from the ballot by court order. *See Lachina,* 887 A.2d at 329 (comparing *Packrall* with *Baronett v. Tucker,* 26 Pa.Cmwlth. 559, 365 A.2d 179 (1976)). Because Candidates were stricken from the primary ballot, the trial court held that they were barred from filing nomination papers to appear on the ballot for the general election.

On appeal, a three-judge panel of the Commonwealth Court reversed in a published decision. *See In re Petition to Set Aside Nomination Petitions of Benkoski,* 932 A.2d 1023 (Pa. Cmwlth.2007). After discussing the analysis of *Lachina,* the court held that the prior cases on the subject did not specifically address the meaning of the term "filed" in Section 976(e). The court reasoned that Section 977 of the Election Code provides that all nomination petitions are deemed valid unless a timely objection is made, *see* 25 P.S. § 2937, and reasoned that "the setting aside of the nomination petition or paper, 'undoes' ab initio the initial filing of a candidate's petition or paper." *Benkoski,* 932 A.2d at 1026. The court analogized the setting aside of a nomination petition to a voluntary withdrawal of such a petition to conclude that "there technically was no filing of the nomination petition as the petition has been deemed invalid." *Id.* Thus, the court held that Section 976(e) does not preclude a candidate from subsequently filing nomination papers to appear on the ballot in the general election where his or her primary nominating petition had been set aside, reversed the trial court's order to the contrary, and directed that Candidates' names be placed on the ballot for the general election.

This Court thereafter allowed Objectors' appeal to address the parameters of Section 976(e) of the Election Code in the context of a candidate's ability to file nomination papers for the general election where his or her nomination petition for the primary election has been stricken. Objectors argue that the plain language of Section 976(e) precludes a candidate, who has previously filed a nomination petition, from filing nomination papers for the same public office in the same election cycle. They maintain that the Commonwealth Court has previously interpreted this prohibition, which has been

referred to as a "sore loser" provision, as preventing a candidate stricken from the primary ballot from thereafter submitting nomination papers. *See Lachina,* 887 A.2d at 329; *Oliviero v. Diven,* 908 A.2d 933, 939 (Pa.Cmwlth.2006) (Kelley, S.J.). Objectors thus argue that the Commonwealth Court's ruling in the present case is contrary to existing authority on the question and requires reversal.

■ Candidates counter that the Election Code must be liberally construed to protect a candidate's right to run for office and the voters' right to elect candidates of their choice. *See Nomination Petition of Ross,* 411 Pa. 45, 190 A.2d 719, 720 (1963). Further, they stress that the single-judge opinion in *Lachina,* although affirmed *per curiam* by this Court, is not binding precedent. *See Commonwealth v. Tilghman,* 543 Pa. 578, 673 A.2d 898, 904 (1996). Candidates argue that the relevant inquiry should focus upon whether, at the time the nomination papers are filed, the individual is actually a candidate of another political group, in which case, Section 976(e) would preclude the nomination papers. *See Packrall,* 192 A.2d at 706.[2] Candidates maintain that, because their nomination petitions had been stricken, they were not Democratic candidates for the office of Township Supervisor, and consequently, Section 976(e) did not bar their nominating papers as Independent candidates for that position.

■ As noted, Section 976(e) provides that no nomination papers shall be accepted "if the candidate named therein has filed a nomination petition for any public office for the ensuing primary, or has been nominated for any such office by nomination papers previously filed." 25 P.S. § 2936(e). In *Packrall,* this Court explained that the purpose of Section 976(e) is to prevent "party raiding" through the cluttering of the election ballot by candidates seeking to have their names listed multiple times. *See Packrall,* 192 A.2d at 706. Thus, the Court

2. The issue presented in this case implicates a matter of statutory construction and, thus, poses a question of law for the Court's consideration. *See In re Carroll,* 586 Pa. 624, 896 A.2d 566, 573 (2006). As such, the scope of review is plenary, and the standard of review is *de novo. See id.*

held that a candidate, who had withdrawn his nomination petition and was no longer a candidate for the Democratic primary, could submit nomination papers to appear on the general election ballot as the candidate for the Good Government Party. In *Baronett*, the *en banc* Commonwealth Court interpreted Section 976(e) as precluding an individual, who was unsuccessful in the Democratic primary, from submitting nomination papers to appear for the same position on the general election ballot as a nominee of the Federalist Body. The court ascribed the following intent to Section 976(e), among other provisions:

> It is clear to us that the purposes of the sections of the Code in which the term here concerned appears are to require a candidate to choose between the primary route and the nomination route to the general election ballot and to prevent a losing primary candidate from filing nomination papers.

*Baronett*, 365 A.2d at 181.

Thereafter, in *Lachina*, the Commonwealth Court, through a single-judge opinion by Judge Pellegrini, attempted to reconcile the holdings of *Baronett* and *Packrall*. In doing so, the court focused upon the fact that the candidate in *Packrall* had voluntarily withdrawn his nomination petition, while the candidate in *Baronett* lost in the Democratic primary after his name had appeared on the ballot. The court explained that, in the former case, the voluntary withdrawal of the nomination petition within the open window allowed for filing " 'undoes,' *ab initio*, the filing because a person gets to choose whether he or she wants to go through the primary process to seek an office." *Lachina*, 887 A.2d at 329. Thus, the Commonwealth Court in *Lachina* held that, because the candidate was removed from the ballot for defects in her nomination petition, she could not thereafter submit nomination papers to appear on the general election ballot for the same position.

Such a construction of Section 976(e) comports with the prior references to that section as a "sore loser" provision. *See Oliviero*, 908 A.2d at 939; *In re Zulick*, 832 A.2d 572, 575 (Pa.Cmwlth.) (citing *In re Substitute Nomination Certifica-*

*tion of Moran,* 739 A.2d 1168 (Pa.Cmwlth.1999)), *aff'd,* 575 Pa. 140, 834 A.2d 1126 (2003); *see also In re Nomination Papers of Nader,* 580 Pa. 22, 858 A.2d 1167, 1178 (2004) (explaining that Section 976 is often referred to as a "sore loser" provision). Moreover, a plain meaning approach to the statutory language warrants the conclusion that the filing of a nomination petition for any public office for a primary election precludes the individual from thereafter submitting nomination papers to appear on the ballot for the general election for the same office. *See generally* 1 Pa.C.S. §§ 1903, 1921(b) (explaining that the plain meaning of clear and unambiguous statutory language controls over the pursuit of its perceived intent). Although *Packrall* is also arguably in tension with the plain language of the statute, we decline to extend a holding concerning the voluntary withdrawal of a nomination petition to unsuccessful candidates attempting to circumvent their filing of defective nomination petitions.

■ Accordingly, we hold that, where a candidate has filed a defective nomination petition to appear on the primary election ballot, Section 976(e) precludes that candidate from thereafter filing nomination papers to appear on the general election ballot for the same position.

Jurisdiction is relinquished.