IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Nomination Paper of Brittany | : | |
| Kosin for Representative in the | : | |
| General Assembly from the 178th | : | |
| Legislative District | : | |
| | : | No. 393 M.D. 2022 |
| Objection of: Mary Roderick, John | : | |
| Coppens, and Andrew Gannon | : | Heard:  August 16, 2022 |

BEFORE:    HONORABLE ELLEN CEISLER, Judge

OPINION
BY JUDGE CEISLER                                    FILED:  August 23, 2022

Before this Court is the Petition to Set Aside the Nomination Papers (Petition to Set Aside), submitted by Objectors Mary Roderick, John Coppens, and Andrew Gannon (Objectors), through which they seek dismissal of Brittany Kosin's Nomination papers to run as the Libertarian Party candidate for Representative in the General Assembly from the 178th Legislative District.  Objectors argue that Candidate had previously filed nomination petitions for candidacy in the Republican primary for the same office, and that she is therefore barred from running under Section 976(e) of the Pennsylvania Election Code (Election Code).[1]  For the reasons provided herein, the Petition to Set Aside is granted.

## I. Background

On March 28, 2022, Kosin filed a nomination petition to run as a candidate in the Republican primary for the Pennsylvania General Assembly seat representing the 178th District.  The nomination petitions included the purported signatures of 337

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2936(e).

registered Republicans voters in the district.[2]  On April 4, 2022, Objectors[3] filed a petition to set aside Kosin's candidacy.  Therein, they alleged that 98 of the 337 signatures were invalid, placing the number of valid signatures below the 300 signatures required.

The parties met privately on April 5, 2022, and reached an agreement that Kosin's nominating petition lacked the requisite number of valid signatures.  The parties signed a Stipulation which acknowledged that Kosin's nomination petition did not contain 300 valid signatures.  The document states: "[i]t is further stipulated Respondent, Brittany Kosin, agrees to withdraw her [n]omination [p]etitions as a Republican Party candidate for Representative in the General Assembly for the 178th District." Once the Stipulation was submitted, this Court issued a *per curiam* order granting the Petition to Set Aside and directing the Secretary of the Commonwealth to remove Kosin's name from the ballot.  *See In Re: Petition to Set Aside Nomination Petitions of Brittany Kosin as Republican Candidate for State Representative in the 178th Legislative District* (Pa. Cmwlth., No. 178 M.D. 2022, filed April 6, 2022).  A hearing scheduled for April 7, 2022 before this Court on the objectors' petition was canceled.

On August 1, 2022, Kosin filed nomination papers to be certified as the Libertarian candidate in the general election for the same General Assembly seat. On August 8, 2022, Objectors filed the Petition to Set Aside currently before this Court, in which they alleged that Section 976(e) barred Kosin's general election

---

[2] Section 912.1(14) of the Election Code provides that a candidate for the Office of Representative in the General Assembly must present at least 300 valid signatures of registered and enrolled electors of the political party of the candidate.  25 P.S. § 2872.1(14).

[3] Objectors included Roderick and two other objectors, who are not parties to the instant matter.

2

candidacy.[4]   Pursuant to an Order of the Court, *In re: Objections to Nomination Papers of State Level Minor Political Party Candidates and Independent Candidates of Political Bodies—General Election 2022* (Pa. Cmwlth., No. 126 Misc. Dkt. No. 3, filed July 29, 2022), the posting of the Petition to Set Aside on the Court's website constituted service upon Kosin.  On August 16, 2022, this Court held a hearing on Objectors' Petition.[5]   Kosin and counsel representing Objectors were present.

In defense of her nomination papers, Kosin relied on *Packrall v. Quail*, 192 A.2d 704, 706 (Pa. 1963). In *Packrall* our Supreme Court created an exception to Section 976(e) for candidates who withdraw their nomination papers pursuant to Section 914 of the Election Code.  Specifically, Section 914 establishes a grace period in which a primary candidate may withdraw, by written request to the appropriate election officials, until "the fifteenth day next succeeding the last day for filing nomination petitions" for the desired office.  25 P.S. § 2874.  Candidates hold "an absolute right" to withdraw their names within the grace period.  *In re Challenge to Objection to Nominating Petitions of Evans*, 458 A.2d 1056, 1058 (Pa. Cmwlth. 1983).

---

[4] Section 976(e) provides, in relevant part:

> When any . . . nomination paper is presented in the office ... of any county board of elections for filing within the period limited by this act, it shall be the duty of said ... board to examine the same.  No ... nomination paper ... shall be permitted to be filed ... if the candidate named therein has filed a nomination petition for any public office for the ensuing primary, or has been nominated for any such office by nomination papers previously filed.

25 P.S. § 2936(e).

[5] The hearing took place simultaneously with *In re: Nomination Paper of Caroline Avery for Representative in Congress from the 1st Congressional District* (Pa. Cmwlth., No. 392 M.D. 2022) due to the similar legal issues presented in both cases. While there is one transcript for both hearings, opinions will be written separately for each case.

Kosin acknowledged that she did not withdraw pursuant to Section 914, but argued that *In re Cohen*, 225 A.3d 1083 (Pa. 2020) supported of her position. In that case, the Supreme Court permitted the general election candidacy of a Philadelphia City Council candidate, who had previously withdrawn her primary candidacy pursuant to Section 978.4 of the Election Code, well after the Section 914 deadline had passed.[6] In Kosin's view, per *In re Cohen,* there is no effective difference between a voluntary withdrawal under Sections 914 or 978.4, and that both are valid exceptions to Section 976(e).

Kosin acknowledged that she did not withdraw under either provision, and that her primary candidacy ended when this Court granted the objectors' petition to set aside. However, Kosin maintained that *In re Cohen* nevertheless supports her position because the end of her primary candidacy was, in part, the result of her own decision. For support, she referred to the Stipulation signed by the parties, which provided that she had "agree[d] to withdraw."

Objectors argued that Kosin was clearly prohibited by the plain language of Section 976(e) from filing the Nomination Papers. They noted that *Packrall* was clearly inapposite, since Kosin never withdrew pursuant to Section 914, and that her interpretation of *In re Cohen* was inaccurate. They explained that the majority of Justices in *In re Cohen* clearly held that *future* candidates who withdraw pursuant to Section 978.4 should not be granted the same relief as the candidate in that case.

---

[6] Section 978.4 provides, in relevant part:

Upon petition to the court of common pleas, or the Commonwealth Court, when a court of common pleas is without jurisdiction, by a candidate for nomination or election . . . the court shall order the withdrawal of said candidate's name for nomination or election, except upon a showing of special circumstances.

25 P.S. § 2938.4.

4

Finally, Objectors maintained that Kosin's name was not withdrawn from the primary at all, but removed by this Court. They concluded that Kosin's general election candidacy is therefore prevented by the "clear mandate" of *In re Benkoski*, 943 A.2d 212 (Pa. 2007). In that case, the Supreme Court held that, "where a candidate has filed a defective nomination petition to appear on the primary election ballot, Section 976(e) precludes that candidate from thereafter filing nomination papers to appear on the general election ballot for the same position." *Id.* at 216.

## II. Discussion

As noted, Section 976(e) of the Election Code prohibits the filing of nomination papers "if the candidate named therein has filed a nomination petition for any public office for the ensuing[7] primary, or has been nominated for any such office by nomination papers previously filed." 25 P.S. 2936(e). This Court has stated that the clear purposes behind the provision are "to require a candidate to choose between the primary route and the nomination route to the general election ballot[,] and to prevent a losing primary candidate from filing nomination papers." *Baronett v. Tucker*, 365 A.2d at 181. Accordingly, it is often referred to as the Election Code's "sore loser" provision. *See In re Nader*, 858 A.2d 1167, 1178 (Pa. 2004) (explaining the "sore loser" designation).

Our Supreme Court has granted exceptions to Section 976(e)'s broad prohibition. In *Packrall*, the Court reasoned that a primary candidate who withdrew his name pursuant to Section 914 had effectively undone the practical effects of his purported candidacy. The Court therefore held that Section 976(e) "did not prevent

---

[7] It should be noted that the reference to an "ensuing" primary is a relic of a time when paperwork for both the primaries and the general election was required to be submitted before the primary. *See Baronett v. Tucker*, 365 A.2d 179, 180 (Pa. Cmwlth. 1976) (explaining the statutory language's background). The practice of our courts ever since has been to construe "ensuing primary" as a reference to the primary occurring earlier in the year. *Id.*

5

the acceptance of [the] nomination paper" of such a candidate for the general election. 192 A.2d at 706. In *In re Benkoski*, however, the Court declined to extend that exception to candidates who were judicially removed from the ballot, holding that "where a candidate has filed a defective nomination petition to appear on the primary election ballot, Section 976(e) precludes that candidate from thereafter filing nomination papers to appear on the general election ballot for the same position." 943 A.2d at 216.

More recently, in *In re Cohen*, the Court, candidate Sherrie Cohen, a former Democratic Philadelphia City Council primary candidate decided to end her candidacy in the 2019 primary approximately one month before the primary election. 225 A.3d at 1084-85. Since the deadline to withdraw her nomination papers pursuant to Section 914 had passed, Cohen successfully petitioned for a court order removing her name from the ballot, pursuant to Section 978.4 of the Election Code. *Id.* at 1085. Cohen later filed nomination papers to appear on the general election ballot as a City Council candidate representing the "A Better Council Party." *Id.*

Objectors filed a petition to set aside Cohen's nomination papers to the Philadelphia Court of Common Pleas. The trial court agreed with objectors that Cohen's general election candidacy was barred by Section 976(e), and granted their petition to set aside her nomination papers. *Id.* at 1086. Cohen appealed to this Court. In a single-judge order, the Honorable Michael Wojcik affirmed the trial court, holding that the circumstances of Cohen's candidacy did not justify an extension of *Packrall*. *See In Re: Nomination Papers of Sherrie Cohen as Candidate for the Office of Philadelphia City Council-at-Large* (Pa. Cmwlth., Nos. 1157 & 1158 C.D. 2019, filed September 5, 2019), slip op. at 14-15. On October 3, 2019, the Supreme Court reversed, issuing a per curiam order directing Cohen's name to

be placed on the general election ballot. *See In re Nomination Papers of Sherrie Cohen*, 218 A.3d 387 (Pa. 2019) (*per curiam*). In light of the exigent circumstances of the matter, with the election just weeks away, the Supreme Court issued the per curiam order indicating that there would be an Opinion Following the Judgment of the Court (OFJC) to explain more fully the reasoning behind the per curiam order.

On February 19, 2020, the OFJC was issued. Analyzing the Court's various opinions issued with the OFJC, it is abundantly clear that the majority of the Supreme Court did not support the reasoning in that opinion.

In the OFJC, Justice Sallie Mundy, joined by now-Chief Justice Max Baer, held that there was "no principled reason to distinguish between the voluntariness of a withdrawal under Section 914 or Section 978.4." 225 A.3d at 1090. According to Justice Mundy, since *Packrall* was clearly applicable to candidates who had withdrawn pursuant to the first of those provisions, its exception to Section 976(e)'s "sore loser" provision could, just as easily be granted to candidates who had withdrawn under the second provision. *Id.*

In a dissenting opinion, joined by Justice Kevin Dougherty, then-Chief Justice Thomas Saylor expressed strong concern that extending *Packrall*'s reach beyond Section 914, the Court was empowering candidates "to make strategic decisions to shift tracks after having proceeded deep into the primary process." *Id.* at 1091. He noted that Cohen, unlike the candidate in *Packrall*, had "actively participated" in the primary process, and only withdrew for political reasons. *Id.* Then-Chief Justice Saylor concluded that the *Packrall* exception "should be confined to the scenario in which it arose": when a candidate withdraws administratively, within the Section 914 grace period.

7

In a separate dissent written by Justice David Wecht, the Justice argued that *Packrall* itself "was wrongly decided, and it should be overruled." 225 A.3d at 1093. Regarding Justice Mundy's opinion, Justice Wecht claimed that it "relies exclusively on a principle derived from a judicial carve-out unsupported by the Election Code." *Id.* Justice Wecht cautioned against any "judicial reformation" of Section 976(e); however "harsh" or "unwise" its broad prohibition, since the statutory language clearly allows "no exception for who previously filed nomination petitions but whose names did not ultimately appear on the primary ballot." *Id.* While the Election Code is to be construed liberally, Justice Wecht wrote, that principle does not give the Court "license to act as a super-legislature." *Id.* at 1096.

In a concurring opinion written by Justice Christine Donohue, and joined by Justice Debra Todd, Justice Donohue noted that their vote for the original per curiam order occurred "when the matter was presented to us on an expedited basis." Ultimately, they found Justice Wecht's arguments persuasive, and concluded that his interpretation of Section 976(e) should be its "prevailing interpretation . . . in *future* cases." *Id.* at 1090 (emphasis added).

Instantly, Kosin argues that the OFJC represents the opinion of the Court, and that its extension of *Packrall* to candidate Cohen's candidacy constitutes binding precedent on this Court. Objectors counter that the OFJC represented the opinion of only two Justices. The remaining five called either for restricting *Packrall*'s reach only to candidates who withdrew pursuant to Section 914, or for overturning *Packrall* entirely. Objectors correctly argue that the clear majority of justices *In re Cohen* ultimately agree on one key point: Pursuant to Section 976(e), a candidate who had previously filed nomination petitions for candidacy in the primary, and who

8

did not withdraw pursuant to Section 914, is precluded from filing nomination papers to appear on the general election ballot for the same position.

This Court agrees with Objectors' theory of how fractured decisions by our Supreme Court are to be considered. In *Pap's A.M. v. City of Erie*, 719 A.2d 273 (Pa. 1998), *rev'd on other grounds*, 529 U.S. 277 (2000), the Supreme Court was faced with a similar predicament. It explained that:

> [I]t is possible to cobble together a holding out of a fragmented decision. Yet, in order to do so, a majority of the Court must be in agreement on the concept which is to be deemed the holding. It is certainly permissible to find that a Justice's opinion which stands for the "narrowest grounds" is precedential, but only where those "narrowest grounds" are a sub-set of ideas *expressed by a majority of other members of the Court*."

*Id.* at 278 (emphasis added).

Assuming arguendo that Kosin's interpretation of *In re Cohen* is correct, her candidacy is still not saved. In the OFJC, Justice Mundy carefully distinguished Cohen's voluntary withdrawal of her valid nominating papers from the judicial removal of defective nominating papers; "the decisive factor underpinning this Court's refusal to apply *Packrall* in *Benkoski*," she wrote, "is not present in this case." 225 A.3d at 1090. While Kosin is correct that some of the Stipulation's language implies a voluntary withdrawal, that language does not change the fact that Kosin's primary candidacy ended when this Court granted the objectors' petition to set aside. Kosin was free to petition to have her name withdrawn pursuant to Section 978.4, but did not do so. In any case, the Stipulation also acknowledged that the nominating petition was defective, which prevents Kosin from filing the Nominating Petition under *Benkoski* without regard to the voluntariness of her candidacy's

9

termination. Kosin is therefore barred from filing the Nomination Paper under both *Benkoski* and *In re Cohen.*

## III. Conclusion

In light of the clear precedential guidance from our Supreme Court, this Court grants Objectors' Petition to Set Aside and dismisses Kosin's Nomination Papers for Libertarian Party candidate for Representative in the General Assembly from the 178th Legislative District.

ELLEN CEISLER, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Nomination Paper of Brittany : 
Kosin for Representative in the : 
General Assembly from the 178th : 
Legislative District : 
     :    No. 393 M.D. 2022
Objection of: Mary Roderick, John : 
Coppens, and Andrew Gannon :

# **O R D E R**

AND NOW, this 23rd day of August, 2022, it is hereby ORDERED that Objectors Mary Roderick, John Coppens, and Andrew Gannon's Petition to Set Aside the nomination papers of Brittany Kosin as Libertarian Candidate for Representative in the General Assembly representing the 178th Legislative District is GRANTED.

The Secretary of the Commonwealth is directed to remove Kosin's name as a Libertarian candidate for Representative in the General Assembly representing the 178th Legislative District from the November 8, 2022 primary ballot, and to transmit this order promptly to the Bucks County Board of Elections. The Chief Clerk is directed to send a copy of this order to the Secretary of the Commonwealth.

ELLEN CEISLER, Judge