## In re Lower Allen Township School Directors

*Irwin Albert*, for petitioner.

*George B. Stuart* and *Addison M. Bowman, Jr.*, for respondents.

JACOBS, J., March 31, 1959.—One school director shall be elected in Lower Allen Township, Cumberland

County, at the municipal election to be held November 3, 1959. On or before March 16, 1959, the last day for filing, three qualified electors of Lower Merion Township filed petitions with the Cumberland County Election Board as candidates for the Republican nomination to be decided at the municipal primary on May 19, 1959. The three persons so filing were Luther J. Bitting, misspelled as Betting in the petition and hereinafter referred to order of court, Virginia Bowman and Carl A. Carbone. On March 21, 1959, Carl A. Carbone filed a petition in this court asking to have the nomination petitions of Luther J. Bitting and Virginia Bowman set aside on the ground that seven of the signers of the Bitting nomination petition had also signed the Bowman nominating petition on the same date. The court was asked to exercise its jurisdiction under the provisions of section 977 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended, 25 PS §2937.

On March 21, 1959, the court made an order fixing a hearing for March 26, 1959. On March 23, 1959, Luther J. Bitting withdrew his name as a candidate. It was stipulated that this withdrawal was within the time allowed by section 914 of the Pennsylvania Election Code, 25 PS §2874, and was effective. It was further stipulated at the hearing on March 26, 1959, that there were seven signatures on both the Bitting and the Bowman petitions which were the signatures of the same persons and made on the same dates. It was also agreed that if the seven signatures were stricken off, the Bowman petition would have an insufficient number of signatures and that if the signatures were not stricken off, the Bowman petition would have sufficient signatures to constitute a valid nominating petition.

This court, on March 31, 1959, made an order dismissing the objection filed to the nomination petition of Virginia Bowman and recited in the order that, the

nomination petition of Luther J. Bitting having been withdrawn, signatures on the Bitting petition would not be considered in determining whether or not they were duplications of signatures appearing on the Bowman petition. This opinion is filed in accordance with the requirements of rule 43 of the Rules of the Supreme Court of Pennsylvania requiring this court when an appeal is taken to file a statement in the form of an opinion of the reasons for the order.

Section 977 of the Pennsylvania Election Code, 25 PS §2937, provides that: "All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper" a petition is presented to the court of common pleas objecting thereto. Although Mr. Carbone could have waited until Monday, March 23, to file his objections, he elected to do otherwise and filed his petition on or before Saturday, March 21st. Under section 914 of the code, 25 PS §2874, a candidate for nomination at a primary has the same length of time, namely, seven days after the last day for filing, within which to withdraw his candidacy. When the matter was heard by the court, on March 26th, there were only two candidates for the office, namely, Mr. Carbone, the objector, and Mrs. Bowman. The are no duplications of names on the nominating petitions of those two candidates.

The fact that a person signs more than one nominating petition for the same office, when only one candidate is to be elected, does not make the nominating petitions invalid. This is amply demonstrated by section 977 of the act, 25 PS §2937, for under that section if the signatures bear different dates they shall be counted in the order of their priority of date. If, however, the signatures bear the same date, the same section of the act provides, "they shall, upon objections

filed thereto, not be counted on any petition or paper." Since the remedy prohibits counting the names for a candidate and does not invalidate petitions with duplicate names, which would apparently be valid unless objected to, the remedy must presuppose the existence of two or more candidates having the same names on their petitions. Since there was only one candidate when the matter came before the court, on March 26th, Mr. Bitting having withdrawn on March 23rd, there was only one candidate using the disputed names and only one candidate for whom they could be counted.

While section 908 of the Election Code says: "Each signer of a nomination shall sign but one such petition for each office to be filled," 25 PS §2868, duplicate signatures bearing the same date do not invalidate a petition, and are not to be disregarded in the count of nominators unless objections are filed to them. If the legislature had intended the mere filing of nomination papers with duplicate names bearing the same date to knock each other out, it would have provided for action on the same by the county board of elections when they are filed under section 976 of the Pennsylvania Election Code, 25 PS §2936, instead of providing that whether or not they should be counted should be determined in a proceeding before the court which is always held after the seven days for withdrawal have terminated. If we were to hold that the duplicate names could not be counted because the petitions were filed, it would be just as logical to refuse to count names of persons who also signed other petitions even if the other petitions were never filed.

It is obvious that the evil to be avoided is having the duplicate names "counted" for more than one candidate when we read the provisions of the Election Code pertaining to signers of petitions where two or more persons are to be elected to the same office. In that regard section 908 of the code, 25 PS §2868, pro-

vides as follows: "Each signer may sign petitions for as many candidates for such office as, and no more than, he could vote for at the succeeding election."

Mr. Bitting had an absolute right to withdraw as a candidate within the seven days. In our opinion the situation as to candidates was fluid until the end of the seven days. By filing his objections Mr. Carbone could not freeze Mr. Bitting as a candidate. However, he would have us freeze Mr. Bitting's nomination papers as of the time he filed his objections. This would in effect make Mr. Bitting a candidate against his will for the sole purpose of knocking out Mrs. Bowman's nomination papers. It cannot be denied that his withdrawal as a candidate was effective and in our opinion it was effective for every purpose. When the matter came before us on March 26th, Mr. Bitting was not a candidate and his nomination papers were no longer available for comparison with Mrs. Bowman's papers.

It should be noted that under the Election Code in regard to duplicate signatures on nominating petitions no particular effect is ascribed to filing the petition. The prohibition is against signing more than one petition and under section 977 they are not to be counted "if a person shall sign" too many nomination petitions on the same date. It is our opinion that the nomination papers acquired no different status when they were filed and that when Mr. Bitting withdrew it was the same as if he had never filed.

### Order

And now, March 31, 1959, at 9:15 a.m., the nomination petition of Luther J. Bitting for the Republican nomination for School Director in Lower Allen Township having been withdrawn within the time allowed by law, signatures on the same will not be considered in determining whether or not they are duplications of signatures appearing on the nomination petition of

Virginia Bowman for the same nomination, and objections filed to the nomination petition of Virginia Bowman are hereby dismissed. Costs shall be paid by the County of Cumberland.