In Re: Challenge to and Objection to Nominating Petitions of George Evans et al. Charles M. Lococo and David Ely, Appellants.

Argued April 15, 1983, before Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*John J. Hickton, Hickton & Opsitnick,* for appellants.

*Kerry A. Fraas, Hilner & Fraas,* for appellees.

OPINION BY JUDGE DOYLE, April 27, 1983:

This is an appeal by Charles M. Lococo and David Ely (Appellants) of an order of the Court of Common Pleas of Allegheny County, denying the challenge to the nominating petition of George Evans, Gretchen T. Barnhart, Fred C. Bigley, Kenneth P. Wolfe and Gail J. Eiben. We affirm.

The five individuals named above filed nomination petitions with the Allegheny County Department of Elections (Department of Elections) as Republican candidates for Borough Council in the Borough of Castle Shannon. On March 15, 1983, Appellants filed a petition in the Allegheny County Court of Common Pleas challenging each of the five petitions on the grounds that eleven individuals signed all five nomination petitions on the same day. As only three Borough Council seats are to be filled in the 1983 election, an elector could validly sign only three petitions. Section 908 of the Pennsylvania Election Code (Election Code).[1] In addition, Section 977 of the Election Code provides that:

> If a person shall sign any nomination petitions or papers for a greater number of candidates

---

[1] Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2868.

than he is permitted under the provisions of this act, if said signatures bear the same date, they shall, upon objections filed thereto, not be counted on any petition or paper.....

25 P.S. §2937. Appellants' petition urged, therefore, that the eleven signatures should not be counted on any of the five nomination petitions, which would leave each of the petitions without sufficient signatures.

At a hearing before the court of common pleas on Friday, March 18, 1983, the parties stipulated to the facts above. On Monday, March 21, 1983, two of the candidates, Bigley and Wolfe, filed Withdrawal of Candidate for Nomination forms with the County Department of Elections. There is no question that the withdrawal forms were timely filed according to the Election Code.[2] After the submission of briefs and argument on Tuesday, March 22, 1983, the court of common pleas issued the March 24, 1983 order appealed here.

We are persuaded that the logic of the opinion in *Carbone Appeal*. 395 Pa. 581, 150 A.2d 533 (1959)[3] is controlling in the case now before us. In *Carbone*, the appellant petitioned to set aside the nomination petitions of two candidates for School Director in Lower Allen Township. It was stipulated that seven signa-

[2] Section 914 of the Election Code, 25 P.S. §2874, was amended in 1980, by Section 3 of the Act of July 11, 1980, P.L. 591, to allow fifteen days subsequent to the last day for filing nomination petitions to withdraw as a candidate. Therefore the last day to file a withdrawal form in the 1983 primary election was Wednesday, March 23, 1983. The previous provisions of the Election Code allowed only seven days to withdraw.

[3] The Supreme Court, per curiam, adopted the opinion of Judge JACOBS of the Court of Common Pleas of Cumberland County, reported at 16 Pa. D. & C.2d 500. Judge JACOBS' opinion is reported in full at 150 A.2d 533 but is not reproduced in Pennsylvania State Reports.

tures appeared on both nomination petitions with the same date. Within the time provided by the Election Code,[4] one of the candidates whose nomination petition was challenged withdrew his name as a candidate. Because of the withdrawal, the Court did not strike the seven signatures from the nomination petition of the candidate who remained. It was reasoned:

> While the Election Code says "each signer of a nomination petition shall sign but one such petition for each office to be filled" (25 P.S. §2868), duplicate signatures bearing the same date do not invalidate a petition, and are not to be disregarded in the count of nominators unless objections are filed to them. If the Legislature had intended the mere filing of nomination papers with duplicate names bearing the same date to knock each other out, it would have provided for action on the same by the County Board of Elections when they are filed. . . .

*Id.*, 150 A.2d at 534-35. The court noted that the evil to be avoided is having the duplicate names "counted" for more candidates than the signer was permitted to nominate. *Id.*, 150 A.2d at 535. The court also stated that the candidate who withdrew, a Mr. Bitting,

> had an *absolute* right to withdraw as a candidate within the seven days [permitted by statute]. In our opinion the situation as to candidates was fluid until the end of the seven days. By filing his objections Mr. Carbone could not freeze Mr. Bitting as a candidate. However,

---

4 Section 914 of the Election Code, 25 P.S. §2874, at that time provided that a candidate had seven days following the last day for filing nomination petitions in which to withdraw. The Election Code now provides fifteen days to withdraw a nomination petition.

he would have us freeze Mr. Bitting's nomination papers as of the time he filed his objections. This would in effect make Mr. Bitting a candidate against his will for the sole purpose of knocking out Mrs. Bowman's [the other candidate] nomination papers. It cannot be denied that his withdrawal as a candidate was effective and in our opinion it was effective for every purpose. . . .

. . . [W]hen Mr. Bitting withdrew it was the same as if he had never filed. (Emphasis added.)

*Id.*

Appellants urge that the case *sub judice* is distinguishable from *Carbone* in that the withdrawal in *Carbone* occurred prior to the scheduled hearing before the court of common pleas; here the withdrawals were filed after the March 18, 1983 hearing. We do not find that fact distinguishing in this instance and note that the withdrawals here were filed prior to the final argument before the court of common pleas on March 22 and before issuance of any order by the court deciding the merits of the case. Although Appellants argue well that evil could come about by the abuse of the fifteen day allowance of candidates to withdraw, by allowing a strong political committee to pick and choose which candidates it wishes to authorize, that potential problem must be addressed by the legislature.

Appellants also urge that the withdrawals were merely "lodged" with the Department of Elections and were considered by the Department to be ineffective because of the pending litigation. The Department of Elections has no discretion to reject a candidate's withdrawal under the Election Code and the notion is directly contrary to the "absolute right to

withdraw as a candidate'' articulated in *Carbone,* 150 A.2d at 535.

ORDER

Now, April 27, 1983, the order of the Court of Common Pleas of Allegheny County in the above referenced matter, dated March 24, 1983 is hereby affirmed and the Allegheny County Department of Elections is directed to accept for filing the Withdrawal of Candidate for Nomination forms which were timely accepted but not permitted to be officially ''filed'' on March 21, 1983 by the candidates Bigley and Wolfe.