IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Nomination Paper of Caroline　　:
Avery for Representative in Congress　:
from the 1st Congressional District　　:
　　　　　　　　　　　　　　　　:　No. 392 M.D. 2022
　　　　　　　　　　　　　　　　:
Objection of: David R. Breidinger, Ellen :
Cox, and Diane Dowler　　　　　　:　Heard:  August 16, 2022

BEFORE:　HONORABLE ELLEN CEISLER, Judge

OPINION
BY JUDGE CEISLER　　　　　　　　　　　FILED:  August 23, 2022

Before this Court is the Petition to Set Aside the Nomination Paper (Petition to Set Aside) submitted by Objectors David R. Breidinger, Ellen Cox, and Diane Dowler (Objectors), through which they seek dismissal of Caroline Avery's nomination paper to run as the Libertarian Party candidate for Representative from the 1st Congressional District. Objectors argue that Avery had previously filed papers for candidacy in the Republican primary for the same office, and that she is therefore barred from running under Section 976(e) of the Pennsylvania Election Code (Election Code).[1]  For the reasons provided herein, the Petition to Set Aside is granted.

## I. Background

On March 15, 2022, Avery filed nomination petitions to run as a Republican candidate for Representative of First Congressional District in the May 17, 2022 primary. Her petitions consisted of the purported signatures of 1,300 registered Republicans in the district.  On March 22, 2022, objector Michael Zolfo filed a

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2936.

Petition to Set Aside, in which he alleged that 480 of the Nomination Petition's 1,300 signatures were defective, leaving it well short of the 1,000 required.[2]

A hearing on the Petition to Set Aside took place before Senior Judge Bonnie Brigance Leadbetter on March 29, 2022. Soon after it began, Avery stated that she had decided to withdraw her candidacy. Avery asked the Court to issue an order removing her name from the ballot, pursuant to Section 978.4 of the Election Code.[3] Senior Judge Leadbetter granted the request. *See In Re: Nomination Petitions of Caroline Avery as Avery for Representative in Congress for the First Congressional District* (Pa. Cmwlth., No. 114 M.D. 2022, filed March 29, 2022).

On August 1, 2022, Avery submitted her Nomination Paper and Avery's Affidavit seeking certification as the Libertarian Party candidate in the general election for Representative in Congress from the First District. Objectors filed the Petition to Set Aside currently before this Court on August 8, 2022.[4] Therein, Objectors alleged that Avery was barred from filing papers by Section 976(e) of the Election Code.[5] On August 16, 2022, a hearing on the Petition to Set Aside

---

[2] Section 912.1(12) of the Election Code provides that a candidate for the Office of Representative in Congress must present at least 1,000 valid signatures of registered and enrolled electors of the political party of the candidate. 25 P.S. § 2872.1(12).

[3] In relevant part, Section 978.4 provides that, "[u]pon petition to the court of common pleas, or the Commonwealth Court, when a court of common pleas is without jurisdiction, by a candidate for nomination or election . . . the court shall order the withdrawal of said candidate's name for nomination or election, except upon a showing of special circumstances." 25 P.S. § 2938.4.

[4] Pursuant to a *per curiam* Order, *In re: Objections to Nomination Papers of State Level Minor Political Party Candidates and Independent Candidates of Political Bodies—General Election 2022* (Pa. Cmwlth., No. 126 Misc. Dkt. No. 3, filed July 29, 2022), the posting of the Petition to Set Aside on the Court's website constituted service upon Avery.

[5] Section 976(e) provides, in relevant part:
**(Footnote continued on next page…)**

2

occurred.[6] Avery, her counsel, and counsel representing Objectors attended the hearing. At this hearing, Avery testified that before her March 29, 2022 hearing, she had become disillusioned by local Republican party leadership and that, early in the hearing, she made the decision to leave the party before the Petition to Set Aside was fully adjudicated. Avery testified that she decided at that point to voluntarily withdraw her nomination petitions.

During argument, Avery's counsel explained the significance of what he described Avery's her voluntary withdrawal. Counsel noted that, since *Packrall v. Quail*, 192 A.2d 704 (Pa. 1963), our Supreme Court has held that candidates who withdraw their names pursuant to Section 914 of the Election Code are permitted to file nominating papers in the general election.[7] More recently, in *In re Cohen for Office of Philadelphia City Council-at-Large*, 225 A.3d 1083, 1090 (Pa. 2020), the Supreme Court permitted an aspirant to public office to appear on the general

---

> When any . . . nomination paper is presented in the office ... of any county board of elections for filing within the period limited by this act, it shall be the duty of said ... board to examine the same. No ... nomination paper ... shall be permitted to be filed ... if the candidate named therein has filed a nomination petition for any public office for the ensuing primary, or has been nominated for any such office by nomination papers previously filed.

25 P.S. § 2936(e).

[6] The hearing took place simultaneously with *In Re: Nomination Paper of Brittany Kosin for Representative in the General Assembly from the 178th Legislative District* (Pa Cmwlth., 393 M.D. 2022) due to the similar legal issues presented in both cases. While there is one transcript for both hearings, opinions will be written separately for each case.

[7] Under Section 914 of the Election Code, a primary candidate may withdraw, by written request to the appropriate election officials, until "the fifteenth day next succeeding the last day for filing nomination petitions" for the desired office. 25 P.S. § 2874. Averys hold "an absolute right" to withdraw their names by that date. *In re Challenge to Objection to Nominating Petitions of Evans*, 458 A.2d 1056, 1058 (Pa. Cmwlth. 1983).

3

election ballot who, like Avery, had withdrawn via court order, after the deadline under Section 914 had passed. In Avery's view, the holding of *In re Cohen* permits future candidates who voluntarily withdraw from primaries to file general election nominating papers.

Objectors argued that Section 976(e) of the Election Code unambiguously prohibited Avery from filing the Nomination Paper. They noted that *Packrall* was clearly inapposite since Avery never withdraw pursuant to Section 914. Objectors further argued that Avery incorrectly interpreted the holding of *In re Cohen* and that this decision did not support her argument. According to objectors, the majority of Justices in *In re Cohen* held that future candidates who withdraw pursuant to Section 978.4 should *not* be granted the same relief. Lastly, addressing the long-standing principle that our courts interpret the Election Code liberally, Objectors maintained that the principle is only properly applied in instances of ambiguity in the legislation's language. Objectors maintained that neither Section 976(e), nor the holding of *In re Cohen*, was ambiguous.

## II. Discussion

As noted, Section 976(e) of the Election Code prohibits the filing of nomination papers "if the candidate named therein has filed a nomination petition for any public office for the ensuing[8] primary, or has been nominated for any such office by nomination papers previously filed." 25 P.S. 2936(e). This Court has stated that the clear purposes behind the provision are "to require a candidate to choose between the primary route and the nomination route to the general election

---

[8] It should be noted that the reference to an "ensuing" primary is a relic of a time when paperwork for both the primaries and the general election was required to be submitted before the primary. *See Baronett v. Tucker*, 365 A.2d 179, 180 (Pa. Cmwlth. 1976) (explaining the statutory language's background). The practice of our courts ever since has been to construe "ensuing primary" as a reference to the primary occurring earlier in the year. *Id.*

4

ballot[,] and to prevent a losing primary candidate from filing nomination papers." *Baronett v. Tucker*, 365 A.2d at 181. Accordingly, it is often referred to as the Election Code's "sore loser" provision. *See In re Nader*, 858 A.2d 1167, 1178 (Pa. 2004) (explaining the "sore loser" moniker).

Our Supreme Court has sometimes granted exceptions to Section 976(e)'s broad prohibition. In *Packrall*, the Court reasoned that a primary candidate who withdrew his name pursuant to Section 914 had effectively undone the practical effects of his purported candidacy. The Court therefore held that Section 976(e) "did not prevent the acceptance of [the] nomination paper" of such a candidate for the general election. 192 A.2d at 706.

More recently, in *In re Cohen*, the Court, candidate Sherrie Cohen, a former Democratic Philadelphia City Council primary candidate decided to end her candidacy in the 2019 primary approximately one month before the primary election. 225 A.3d at 1084-85. Since the deadline to withdraw her nomination papers pursuant to Section 914 had passed, Cohen successfully petitioned for a court order removing her name from the ballot, pursuant to Section 978.4 of the Election Code. *Id.* at 1085. Cohen later filed nomination papers to appear on the general election ballot as a City Council candidate representing the "A Better Council Party." *Id.*

Objectors filed a petition to set aside Cohen's nomination papers to the Philadelphia Court of Common Pleas. The trial court agreed with objectors that Cohen's general election candidacy was barred by Section 976(e), and granted their petition to set aside her nomination papers. *Id.* at 1086. Cohen appealed to the Commonwealth Court. In a single-judge order, the Honorable Michael H. Wojcik affirmed the trial court, holding that the circumstances of Cohen's candidacy did not justify an extension of *Packrall*. *See In Re: Nomination Papers of Sherrie Cohen as*

5

*Candidate for the Office of Philadelphia City Council-at-Large* (Pa. Cmwlth., Nos. 1157 & 1158 C.D. 2019, filed September 5, 2019), slip op. at 14-15. On October 3, 2019, the Supreme Court reversed, issuing a per curiam order directing Cohen's name to be placed on the general election ballot. *See In re Nomination Papers of Sherrie Cohen*, 218 A.3d 387 (Pa. 2019) (*per curiam*). In light of the exigent circumstances of the matter, with the general election just weeks away, the Supreme Court issued the per curiam order, indicating that there would be Opinion Following the Judgment of the Court (OFJC) to explain more fully the reasoning behind the per curiam order.

On February 19, 2020, the OFJC was issued. Analyzing the Court's various opinions issued with the OFJC, it is abundantly clear that the majority of the Supreme Court did not support the reasoning in that opinion.

In the OFJC, Justice Sallie Mundy, joined by now-Chief Justice Max Baer, held that there was "no principled reason to distinguish between the voluntariness of a withdrawal under Section 914 or Section 978.4." 225 A.3d at 1090. According to Justice Mundy, since *Packrall* was clearly applicable to candidates who had withdrawn pursuant to the first of those provisions, its exception to Section 976(e)'s "sore loser" provision could, just as easily be granted to candidates who had withdrawn under the second provision. *Id.*

In a dissenting opinion, joined by Justice Kevin Dougherty, then-Chief Justice Thomas Saylor expressed strong concern that extending *Packrall*'s reach beyond Section 914, the Court was empowering candidates "to make strategic decisions to shift tracks after having proceeded deep into the primary process." *Id.* at 1091. Justice Saylor concluded that the *Packrall* exception "should be confined to the

6

scenario in which it arose": when a candidate withdraws administratively, within the Section 914 grace period.

In a separate dissent written by Justice David Wecht, the Justice argued that *Packrall* itself "was wrongly decided, and it should be overruled." 225 A.3d at 1093. Regarding Justice Mundy's opinion, Justice Wecht claimed that it "relies exclusively on a principle derived from a judicial carve-out unsupported by the Election Code." *Id.* at 1095. Justice Wecht cautioned against any "judicial reformation" of Section 976(e); however "harsh" or "unwise" its broad prohibition, the statutory language clearly allows "no exception for candidates who previously filed nomination petitions but whose names did not ultimately appear on the primary ballot." *Id.* at 1093. While the Election Code is to be construed liberally, Justice Wecht wrote, that principle does not give the Court "license to act as a super-legislature." *Id.* at 1096.

In a concurring opinion written by Justice Christine Donohue, and joined by Justice Debra Todd, Justice Donohue noted that their vote for the original per curiam order occurred "when the matter was presented to us on an expedited basis." Ultimately, they found Justice Wecht's arguments persuasive, and concluded that his interpretation of Section 976(e) should be its "prevailing interpretation . . . in *future* cases." *Id.* at 1090 (emphasis added).

Instantly, Avery argues that the OFJC represents the opinion of the Court, and that its extension of *Packrall* to candidate Cohen's candidacy constitutes binding precedent on this Court. Objectors counter that the OFJC represented the opinion of only two Justices. The remaining five Justice's called either for restricting *Packrall*'s reach only to candidates who withdrew pursuant to Section 914, or for overturning *Packrall* entirely. Objectors correctly argue that the clear majority of justices *In re*

7

*Cohen* ultimately agree on one key point: Pursuant to Section 976(e), a candidate who had previously filed nomination petitions for candidacy in the primary, and who did not request an administrative withdrawal pursuant to Section 914, is precluded from filing nomination papers to appear on the general election ballot for the same position.

This Court also agrees with Objectors' theory of how fractured decisions by our Supreme Court are to be considered. In *Pap's A.M. v. City of Erie*, 719 A.2d 273 (Pa. 1998), *rev'd on other grounds*, 529 U.S. 277 (2000), the Supreme Court was faced with a similar predicament. It explained that:

> [I]t is possible to cobble together a holding out of a fragmented decision. Yet, in order to do so, a majority of the Court must be in agreement on the concept which is to be deemed the holding. It is certainly permissible to find that a Justice's opinion which stands for the "narrowest grounds" is precedential, but only where those "narrowest grounds" are a sub-set of ideas *expressed by a majority of other members of the Court*."

*Id.* at 278 (emphasis added).

Two recent Supreme Court decisions, *In re Adoption of L.B.M.*, 161 A.3d 172 (Pa. 2017) and *In re T.S.*, 192 A.3d 1080 (Pa. 2018), provide further guidance on how to proceed in similar circumstances. In *L.B.M.*, the Court issued a decision which yielded a lead opinion, a concurring opinion, and two dissents. Not one of the four opinions was joined in full by more than two other justices. 161 A.3d at 183. In *T.S.*, an appellant argued that the three-justice plurality opinion in *L.B.M.* was binding precedent, as though it were the Court's majority holding. 192 A.3d at 1088.

The Supreme Court in *T.S.* concluded that it was not bound by the *L.B.M.* lead opinion. *See T.S.*, 192 A.3d at 1088 (disagreeing with appellant's contention that an

issue agreed upon only by the three-justice plurality in *L.B.M.* reflected "'prevailing case law of the Commonwealth'"). It explained that an issue agreed upon by four justices in *L.B.M.* constituted the decision's majority holding, even though all four expressed their agreement in a concurring or dissenting. *See Id.* (explaining that "[t]his majority view of the Justices was apparent *from the face of the opinions* in *L.B.M.*, as the Superior Court has recognized on multiple occasions") (emphasis added) (citations omitted).

Since a five-Justice majority in *In re Cohen* opposed extending the *Packrall* exception to any future candidates who withdrew pursuant to Section 978.4, this Court disagrees that it is precedentially bound to grant Avery that relief. She is therefore barred from filing the Nominating Paper pursuant to the plain language of Section 976(e) of the Election Code.

### III. Conclusion

In light of the clear precedential guidance from our Supreme Court, this Court grants Objectors' Petition to Set Aside and dismisses Avery's Nomination Papers for Libertarian Party candidate for Representative in the General Assembly from the 178th Legislative District.

ELLEN CEISLER, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Nomination Paper of Caroline : 
Avery for Representative in Congress : 
from the 1st Congressional District : 
: No. 392 M.D. 2022
:
Objection of: David R. Breidinger, Ellen : 
Cox, and Diane Dowler :

# **O R D E R**

AND NOW, this 23rd day of August, 2022, it is hereby ORDERED that Objectors David R. Breidinger, Ellen Cox, and Diane Dowler's Petition to Set Aside the Nomination Paper of Caroline Avery as Libertarian Candidate for Representative in Congress from the 1st Congressional District is GRANTED.

The Secretary of the Commonwealth is directed to remove Avery's name as a Libertarian candidate for Representative in Congress from the 1st Congressional District from the November 8, 2022 primary ballot, and to transmit this order promptly to the Bucks County Board of Elections. The Chief Clerk is directed to send a copy of this order to the Secretary of the Commonwealth.

ELLEN CEISLER, Judge